LAVINIA GUERNSEY, APPELLANT, *v.* WILLIAM G. GUERNSEY AND OTHERS, APPELLANTS AND RESPONDENTS.

*Will— Words— Construction—Survivorship.*

Where the language of the will is in these words, " the above devise to my children being to them their heirs and assigns; and if either of them die without issue, then to the survivor or survivors of them in equal shares," and some of the children die, the child of one of the deceased, or the grandchild of the testator, takes the estate of its parent, but has no right of survivorship, in respect to the remaining children.

*D. M. Powers* and *B. F. Rexford* for Appellants.
*J. S. Newton* for Respondents.

DAVIES, CH.J.—The appeal in this action from the judgment of the Supreme Court is taken by the Plaintiff, and the Defendant, William G. Guernsey. The action was instituted for a partition of the real estate devised by the will of Peter G. Guernsey, deceased. The will was made in the year 1837, and the testator died in 1843.

The testator left him surviving three children, viz.: Polly Thompson, Lavinia Guernsey, and William G. Guernsey, the Appellants, and William B. Guernsey, the only child of his deceased son, Peter B. Guernsey, Jr. Polly Thompson, the daughter of the testator, died in 1847, leaving her surviving seven children, the Respondents in this action.

The testator was a lawyer, and drew his own will; and the only question presented for adjudication is the proper construction of two provisions of the will. They are as follows: " I give and bequeath to my children, Polly Thompson, William G. Guernsey, and Lavinia Guernsey, all my estate, real and personal, to be equally divided between them, share and share alike, subject to the provisions above made for my wife, without taking into account the property share heretofore conveyed to the above William Guernsey." In the last clause of the will is this provision : " The above devises to my children being to them, their heirs and

assigns; and, if either die without issue, then to the survivor or survivors in equal shares."

Previous to our revised statutes this primary devise would only have given to the devisees a life estate in the real estate of the testator; but it is now the law of this State, that "The term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee" (1 Rev. Stat. 748, § 1). It is, therefore, undeniable that each devisee took a fee simple absolute in an undivided third part of the testator's real estate. If nothing more had been said in the will, this would have been the final disposition of the estate; and in the event of either of the devisees dying intestate, his or her share would have descended to his or her right heirs.

It is apparent from another clause of the will that the testator was of opinion that he had made ample provision for his grandson, William B. Guernsey, the only child and heir of his eldest son, Peter B. Guernsey, deceased, and that he did not intend that he should participate further in his estate. After having appointed his executors, it is manifest that the thought occurred to the testator, that in the event of either of his children dying without issue, this grandson would, as heir, come in for a portion of the estate. His son, and his daughter Lavinia, were then unmarried; and the contingency of their dying without issue was not improbable; nay, it was so likely to happen that the testator deemed it prudent to make provision for that event. We are to assume that he was well acquainted with the provisions of the revised statutes, which had then been in operation for over seven years, and that his previous devise in the will had given to the devisees named each an undivided third part of his real estate, in fee, in other words, to them, "their heirs and assigns." This was the legal effect of the previous devise, and the testator, in the declaration made by him, that "the above devises to my children being to them, their heirs and assigns," but declared the laws as applicable to the same, or the legal result flowing therefrom. The language used is the equivalent to this: "The above devises to my children being to them in fee," therefore, &c., it is

for this reason, because I have given them an estate in fee, or, in other words, "to them, their heirs and assign," that I deem it necessary to make provision for the event of the death of either of them—that is, either of my children—dying without issue. Therefore he has declared, in substance, that if either of his children should die without issue, then the above devise to that child so dying should go to the survivor or survivors in equal shares. And it is well to note the accuracy and appropriateness of the language to convey this idea, and the exact number of words used to express the same, not one too many and not one omitted, needful to the full expression of the mind of the testator. He commences by a declaration of the existing state of things, viz.: that the above devises to his three children were to each an estate of inheritance or in fee, or "to their heirs or assigns," each the equivalent of the other. "Therefore, and for this reason, my further will is, that in the event either of my said three children should die without issue, then I devise the share so given to such child, to the survivor or survivors, in equal shares." In the event, which actually happened, of one child first dying leaving issue, it is not disputed that such issue took the share of such child so dying, absolutely, and that the right of survivorship attaches only to the other two undivided shares. If one of these survivors should die in the lifetime of the other, bearing issue, it is not denied that such issue would in like manner take absolutely such share. And if the third and last survivor should also die, bearing issue, that such issue would also take absolutely such remaining share. If Mrs. Thompson had died without issue, it is conceded that her share would have devolved upon her brother and sister, the survivors, in equal shares. So, if either of the others had died in the lifetime of Mrs. Thompson, without issue, the share of the one so dying would have passed to the survivors in equal shares. By the death of Mrs. Thompson, bearing issue, one share has passed absolutely to her children, and but two shares are now subject to the contingency of survivorship; and upon the death of either of the two survivors, those two shares will rest absolutely in the survivor. This was manifestly

the plain intent of the testator. It is so clear that further argument or elucidation seems unnecessary. If we only keep in mind that the testator, at the conclusion of the will, before making a disposition of the estate in the contingency contemplated by him, was proceeding to declare the actual state of things, as then existing by the previous provisions of his will, it does not seem that any difficulty is presented in construing this clause of the will. I cannot find any warrant for saying that the grandchildren of the testator were to come in as survivors and take a portion of the share of one of his own children who might die without issue. For if, under this construction, the children of Mrs. Thompson could take, it would follow, if either of the other children of the testator had died, leaving issue, such issue could have claimed as a survivor. The language seems plain that the devise to the survivor was dependent on the precedent events of one of three children of the testator named, dying without issue. It is the same as if the testator had said, if either of them (my children) die without issue, then the share of the one so dying shall go to the survivor, and if there be more than one then living, to the survivors in equal shares. Manifestly, the persons here referred to as dying without issue are the children of the testator; and the survivorship indicated is that of his child or children.

No just construction will authorize the conclusion that the testator, by the use of the words "heirs or assigns," intended to include, as those entitled to come in and participate in this right of survivorship, the heirs of either of his three children, or the assigns of either; for if heirs be designated, then assigns are also. Such a conclusion, it is seen, would be assumed, and would work results never contemplated by the testator, and hostile to his manifest intention. But if these words, "heirs or assigns," be used in their natural and obvious sense, as descriptive of the estate already given to his three children, all difficulty vanishes, and there is no embarrassment in giving entire effect to the whole will of the testator, and his undoubted intentions.

It is a forced and unnatural construction to hold, that the heirs of a deceased child, or the assigns of either of his children, were

to take the share of either of his children who should die without issue, in equal shares.   There can be no reasonable doubt, I think, that the survivorship mentioned is confined to that of the three children named.   Such seems to me to be the meaning of this will, and such construction would appear to harmonize with well-established authority.   In Jackson *v.* Blanshaw (3 Johns. R. 292), the devise was to the testator's six children, "their heirs and assigns," each one-sixth part of his estate, and the testator added : "But if any one or more of my above-named children should die before they arrive at full age, or without lawful issue, that then his, her, or their part or share of my estate shall devolve upon, and be equally divided among the rest of my surviving children, and to their heirs and assigns forever."   And the question was whether the sole surviving daughter of the testator took as sole survivor, or whether the issue of the brothers and sisters came in for a proportion.   Spencer, J., said : "The grandchildren cannot be considered as the surviving children within the intention of the testator.   The plain language of the limitation would be violated by giving it such a construction; and, indeed, it was not pressed."   In Jackson *v.* Staats (11 Johns. Rep. 337) the devise of the real estate was to the testator's six sons ; the limitation was in these words : "And if any one or more happens to die without heirs, then his or their parts or shares shall be equally divided among the rest of the children."   It was contended on the part of the Plaintiff that all the children of the testator being dead at the death of Joachim (one of his sons and devisees), and he dying without issue, the grandchildren took under the will of the first testator, and the lessor, as one, was entitled to the one-fourth of a third; that a provision for children extends to grandchildren.   Spencer, J., after a review of all the authorities, concludes thus : "The testator, in making the limitation over, never contemplated the case which has occurred; and, when he says, 'if any one or more happens to die without heirs, his or their parts or shares shall be equally divided among the rest of the children,' he, undoubtedly, by 'the rest of the children' refers to his own children, whom he had before named in his will.   He died, not

once thinking of his grandchildren, and it would be doing vio-
lence to his intention to say he did. If this be so, then the last
surviving child, whether he had issue or not, would retain, not
only his share in the first devise, but also the shares which had
accrued to him."

The doctrine of the case of Mowatt v. Carow (7 Paige, 328)
would appear to settle conclusively the proper construction to be
given to the will of this testator. There the vice-chancellor said,
and his observations are approved by the chancellor, that " some-
times, it is true, grandchildren and issue, or descendants generally,
are permitted to take under an enlarged construction of the term
' children;' where, for instance, the will would otherwise remain
inoperative, and it is necessary to extend the meaning beyond the
natural import of the word in order to effectuate the object and
apparent intention of the testator, or where the testator has clearly
shown by the words, such as issue or descendants, used promis-
cuously with the term children, that he did not intend the latter
to be understood merely in its natural sense, but in the more com-
prehensive sense of issue or descendants generally. Here there is
no necessity for extending the word in order to give effect to this
part of the will, nor is there a promiscuous or indiscriminate use
of the words children and issue. Indeed, it would seem as if the
testator had purposely limited the gift to children, and expressly
excluded grandchildren from participating in the devise over of
the shares intended for his son John and his daughter Mrs. Carow,
by designating children, &c., ' the survivors and survivor of them,'
as the persons to take. Even without the latter words, and with-
out something more than appears in this case, the general rule
must be applied : " *that where there are children who properly
answer the description, grandchildren cannot be permitted to
share along with them.*"

A case like the present, in its leading features, arose in South
Carolina (Lowry v. O'Bryan, 4 Rich. Eq. 262). Here was a de-
vise to the testator's four sons, " to them and their heirs
forever ; if either of my sons should die without issue, his part
shall be equally divided between the survivors." Two of the

sons died without issue, then one of the sons bearing issue, and then the surviving son died without issue. A claim was made by the issue of the third son dying for the share of the last survivor dying. And it was held that, by the will, the issue of the third brother dying, took no interest in the estate, which was left by the survivor of the four brothers. And it was pertinently observed in Savage v. Burnham (17 N. Y. 579) that " the case of nephews and nieces stands upon a very different footing from that of a man's own children. Nature and law both make the distinction, and presumptions and implications, which would be unavoidable in the one case, might be very unreliable, and for that reason inadmissible, in the other." These remarks apply with equal force to the suggestion now made that the testator intended to place his grandchildren in the same category with his own children.

Upon a careful consideration of this will we are satisfied that the proper construction to be given to its provisions is, that the three devisees took a fee simple in the real estate devised, subject to be divested, upon either dying bearing no lawful issue ; that upon Polly Thompson dying, bearing issue, her share vested absolutely in such issue ; and that as to the two remaining shares, in the event of either of the two surviving children of the testator dying without issue, the share of the one so dying would vest absolutely in the survivor. And in that contingency the survivor would have an absolute estate in said two remaining shares. If either of the two survivors should die. leaving issue, then such issue would take the share or portion of the one so dying leaving issue.

The judgment appealed from must be reversed, and the record remitted to the Supreme Court, to enter judgment in accordance with the principles of this opinion ; and that the Plaintiff recover her costs of this action against the Defendants, except the Defendant and Appellant William G. Guernsey.

GROVER, J.—The question in the present case depends upon the construction of the following clause in the will of Peter B. Guern-

sey: "The above devises to my children being to them, their heirs and assigns ; and if either die without issue, then to the survivor or survivors in equal shares." That question is whether the issue of one of the deceased children has, by virtue of the foregoing clause of the will, any claim to the share given to another child dying without issue, subsequent to the death of their ancestor, or whether the surviving child or children take the whole of such share to the exclusion of the issue.

The devise to the children was made without words of inheritance by a previous clause of the will. There is no other part of the will that affords any light as to the intention of the testator in the disposition of the property. It is claimed by the Respondent's counsel that the clause relating to William B. Guernsey, a grandson of the testator, the only child of his deceased son, does give such light. That clause assigns as a reason for not giving anything by the will to the grandson, that he had already received from the testator an amount equal to that given to his own children by the will. From this the counsel for the Respondent argues that the design of the testator was to exclude this grandson from any participation in the property given by the testator in the will, and that to effect this design the clause in question must be construed as including the issue of a deceased child among the class entitled to succeed by survisorship. If the counsel is right in the premises, his conclusion is correct. But why attribute any such design to the testator? The will shows that the testator made the grandchild, by what had before been given him, equal in the division of his property to one of his own children. The issue of one of his children provided for by the will inheriting the share of their ancestor, if entitled to anything by survivorship, would receive more than William B. Guernsey, and thus equality between all the children and their descendants would be destroyed. The more probable inference would be that, if the testator had in his mind to include the issue of a deceased child in the chance of survivorship, he would also have included therein this grandchild, and thus have preserved entire equality among all his descendants. But I do not think the clause in relation to

the grandchild entitled to any weight in determining the present question. There is no ground for supposing that the testator had in his mind, while considering that clause, anything more than to show his reason for not giving anything to this grandchild by his will.

Numerous cases have been cited by the counsel for the Respondent. I have examined many of them, but do not find therefrom any aid in determining the present question. It must be determined by the intention of the testator derived from the language used in the clause in question. It appears therefrom that the testator did not give the share of a child dying and leaving issue to such issue. This shows that he had no design to provide for the issue. In that event he left the share at the absolute disposal of the child. The word issue is used in the clause for the purpose of showing when the child should not enjoy this right, and the right of survivorship should attach. The natural import of the language used confines the right of survivorship to the children. This, in the absence of any intention shown by the testator to provide for the issue, but neither the contrary, should be followed. There is no question but that any portion acquired as survivor under the will is owned by the party in fee. The judgment should be made final by declaring that the issue of Polly Thompson have no right of survivorship in the shares of the remaining children, and that the last survivor of the children will become owner in fee to the share given by the will, as the event in which it is devised over can then never happen. This results from the devise to the children with a contingent devise over upon the happening of some future event. The estate becomes absolute when the event becomes impossible.

All concur in reversing.