CHRISTINA SHARP WYLIE, RESPONDENT, v. LEVI A. LOCKWOOD, APPELLANT, IMPLEADED WITH EMELIA N. STILWELL AND OTHERS.

*Will, construction of — issue of a deceased child, when it is entitled to the benefit of survivorship.*

A testator, by his will, gave all his estate to his children, " to have and to hold to them, as tenants in common, during their respective lives," and directed that in case any or either of his children " should die without issue his, her or their share, shall go to the survivors or survivor of them living at the time of such death, respectively, without issue, equally during their respective lives, and after his, her, or their respective deaths, to their issue respectively in fee simple. On the death of either of my said children, leaving issue, I give and devise to such issue, and to their heirs and assigns forever, the share or proportion of my estate hereinbefore devised for life to the parent of such issue."

The testator left eight children, three of whom died intestate and without issue. Then the fourth died leaving issue, and thereafter the fifth died intestate and without issue.

*Held,* that the issue of the fourth child were entitled to share in the estate of the fifth child, *i. e.,* that such issue were entitled to one-fourth, and not merely to one-fifth of the entire estate.

APPEAL from so much of a final judgment of partition, and of the interlocutory order directing a partition, as adjudges that the plaintiff is entitled to a one-fourth instead of a one-fifth interest in the real estate described in the complaint in the action.

*Henry H. Anderson,* for the respondent.

*D. G. Crosby,* for the appellant.

POTTER, J. :

This is an appeal from a judgment of this court at Special Term and the interlocutory order directing a partition of the premises described in the complaint, and awarding to the plaintiff one-fourth thereof. The rights of all the parties to the action are derived from the bill of one Samuel Norsworthy, who died December, 1878.

No question is made in relation to the execution and validity of the will.

The relative rights or shares of the parties in the premises depend upon the construction of the will; by the construction given to the will by the court below, the plaintiff is entitled to the one-fourth of the premises. By the construction *contended* for and claimed by the defendant and appellant, Lockwood, the plaintiff should have but one-fifth of the premises. The contention is between one-fourth and one-fifth.

The provisions of the will, which lie at the bottom of this dispute, are as follows:

"Fifth. Immediately after my youngest child shall become of age, I give and devise the whole of my estate, real and personal, to my said children, or such of them as may be at that time living, to have and to hold to them, as tenants in common, during their respective lives; and I order and direct that in case any or either of my children should die without issue, his, her or their share shall go to the survivors or survivor of them living at the time of such death, respectively, without issue, equally during their respective lives, and after his, her or their respective deaths, to their issue respectively in fee simple. On the death of either of my said children, leaving issue, I give and devise to such issue, and to their heirs and assigns forever, the share or proportion of my estate hereinbefore devised for life to the parent of such issue; and I do earnestly recommend to my said children that they do agree upon and appoint one of themselves, from time to time, to manage, improve and conduct the concerns of the property hereby devised to them respectively, to the best advantage, and in such manner that the benefit intended to them and their issue, by this my will, may not in any way be impaired.

"Eighth. If any of my daughters shall marry without the consent, in writing, of my wife and the said William B. Skidmore and Burtis Skidmore, or some two of them, she shall forfeit her share of my said estate, which shall immediately pass to and be vested in her surviving sisters, who shall hold and enjoy the same during the life of my daughter so marrying without consent; but after her death, her children shall enjoy the share hereinbefore devised to them in the same manner as if their mother had married with consent."

At the time of the testator's death there were eight living children, viz. : Louise, Mary, Frances, Ann, Emilie, John, Samuel and William.

John, Samuel and William died without children, and intestate. Frances also died unmarried, and intestate. Emilie married, and had two children, of whom plaintiff is one ; the other died, without children, and intestate. When Emilie, the mother of plaintiff, died she left her surviving none of her brothers, but all of her sisters, including Frances. When Frances died as above stated, without children, and intestate, she left her sisters Louisa, Mary and Ann surviving her, and each of them having children.

The question to be decided in this case is, whether the plaintiff, who is the child of the testator's deceased daughter Emilie, takes any estate devised by the testator to Frances, in addition to the estate which she takes from her mother under the will. Under the devise to her mother Emilie, the plaintiff took one-fifth. If she also takes from the devise to Frances, her share is increased to one-fourth. What was the intention of the testator in this respect ? This is to be determined from the language employed by the testator in the will, and the evident scheme upon which he has attempted to dispose of his estate.

The language of the will is to have its proper and ordinary signification. When the language is doubtful or susceptible of another than the ordinary meaning, or when one rendering is less strictly grammatical than another, as where words are employed referring to a more remote instead of a more proximate antecedent, that construction will be adopted which will best harmonize with the general and obvious scheme of the will, support and give effect to all its provisions, prevent disinheritance of the lineal descendants, and produce equality of benefits among those standing in equal natural relations to the testator. (1 Redfield on Wills, 422 to 439, et seq.; Low, Executor, v. Harmony, 72 N. Y., 408.)

This rule of construction has been adopted to the extent of making the word " children," as used by the testator, mean grandchildren.

In the case of Scott v. Guernsey (48 N. Y., 106), the court, in giving construction to the will in question in that case, interpo-

lated the word "amongst," changed the word "or" to "and," and made the expression, "at the time of executing the will," to mean "at the time of the wills taking effect."

In a case quite analogous to this under consideration, Sir R. Malins, V. C., says in *Cross* v. *Maltby* (L. R.), 20 Eq. Cases, 378 ; 15 Eng. R. by Moak, 384 : "There is no rule more clearly established than this, that when the intention of a testator is clearly manifest, the court will endeavor to carry out that intention so far as the words will permit." In that case the word "survivor," if given its literal meaning, would have defeated that intent, and so was changed to "other." The substitution of "other" for "survivor," to carry out the testator's intent, was made in *In re Arnold's Trusts* (L. R.), 10 Eq., 252, and *In re Palmer's Settlement Trusts* (L. R.), 19 Eq., 320 (11 Eng. R., Moak, 354), the word "survivors," in one connection, was construed literally, and in another part of the same will was construed "others."

Now, what was the manifest intention of the testator, as evinced throughout the general scope and meaning of the will ?

He devised a life estate to his nine children as tenants in common so long as they should live, with a devise over to those of them surviving any of those dying without issue. To the issue of those dying, he devised in fee the share before devised for life to the parent so dying.

If any of his daughters married without consent of her mother and the executor in writing, the share devised to that daughter for life was devised to the other life devisees during the life of said daughter, but with remainder in fee to her children at her decease. It is plain that he had his grand-children in mind, for he devises to them in fee the share their parent had for life, immediately upon the parent's decease. It is also plain that he intended his own children should take estates for life.

Now, to give the construction to the will claimed by the appellant might result in this : that the shares of those of his children that should die without issue would pass to the last surviving child of the testator, and if he or she had issue, all the estate devised for life to those of his children dying without issue would go to the issue of the last survivor if he or she had issue, and if not, would pass from under the will entirely.

There is nothing to show that the testator ever contemplated or desired such a result. He certainly provided that his grand-children should have *per stirpes* the share of their parent, and there can be no reason imagined or suggested why these grand-children should not take a share of those of his children dying without issue, instead of giving all such shares to the children of the survivor or putting them beyond the pale of the will.

The last sentence in this fifth division of the will under consideration affords additional evidence that the intent of the testator was to give a life estate to his own children, and the remainder in fee to his grand-children. In that sentence, after having devised his estate for life to his own children, he recommends to them that they appoint one of their number from time to time to manage and improve the property to the best advantage and in such manner that they should receive the benefits intended for them and their *issue ;* that is, as we understand, to all the grand-children without discrimination or inequality among the respective issue of his children.

This unnatural and, we think, unintended result can be avoided without any change of the language of the testator, or any violence to it, or the rules of grammar, if the word "their," in the second sentence of the fifth division, is construed to refer to all the testator's children having issue, instead of referring to the survivor of his children having issue. There are two classes of children mentioned in that sentence : one class is children having issue, and the other class is children having no issue. " *Their*," in that sentence, refers to and stands for the class having issue, and means the same as if the testator had said the issue of the class having children, or the issue of my children generally, or such issues as any of my children may have.

We think this mode of construing the language of the testator to accomplish his manifest intention is consistent with many well considered cases, and as we apprehend, in conflict with none when closely considered. (*Waite* v. *Littlewood*, L. R., 8 Chy. App., 74; *Badger* v. *Gregory*, L. R., 8 Eq.. 78.)

The case of *Guernsey* v. *Guernsey* (36 N. Y., 267), referred to by appellant's counsel, is not opposed to the view we have taken of this case. In that case the testator gave an estate in fee to each

of his three children. If either died without issue, there was an unmistakable contingent devise of the share of the one so dying to the survivor or survivors of the children of the testator in fee.

We think the judgment should be affirmed, with costs against the appellant.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.