## DAVIES et al. v. DAVIES et al.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. WILLS (§ 497*)—CONSTRUCTION—"CHILDREN."

The word "children," as used in a will, does not include grandchildren or more remote descendants, unless there is something in the will to show that the word was used in the broader sense.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1081; Dec. Dig. § 497.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1140; vol. 8, p. 7601.]

2. WILLS (§ 524*)—CONSTRUCTION—BENEFICIARIES—"THEN SURVIVING."

A testator, survived by a widow and six children, directed that the residuary estate should be held in trust to pay the income to the widow, and on her death to divide the estate into as many equal shares as "I may have children living at the time of the decease of my said wife * * * or issue of any deceased child living at such division," and provided that, if any of the children should die leaving no issue, the share set apart to any child so dying should be divided among his children "then surviving," share and share alike. Held, that the words "then surviving" referred to the time of the death of a child without issue, and survivorship was a condition precedent to any child becoming entitled to any interest in the share of a child dying without issue, and the share of a son of testator, who died without issue after the death of a brother and sister leaving issue, went to the surviving children of testator, to the exclusion of grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1122; Dec. Dig. § 524.*]

3. WILLS (§ 497*)—CONSTRUCTION.

Where property is devised to testator's children as a class, with a clear idea of survivorship, there is nothing to justify the court in including within the class the descendants of a deceased child.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1081; Dec. Dig. § 497.*]

4. WILLS (§ 707*)—SUITS TO CONSTRUE WILLS—EXPENSES.

Expenses of a suit by testamentary trustees for the construction of the will, which involves the sole question as to the share of a beneficiary in the trust estate, must be borne by the share involved.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1684–1686; Dec. Dig. § 707.*]

Appeal from Special Term.

Action by William G. Davies and another, trustees under the will of Henry E. Davies, deceased, against Henry Eugene Davies and others, to construe the will of the deceased. From a judgment of the Special Term (59 Misc. Rep. 104, 112 N. Y. Supp. 157), construing the will, certain of the defendants appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Fernando G. Echeverria, for appellant Davies.
Roger S. Baldwin, for appellant Hollister.
Graham Summer, for appellant Swift.
Brainard Tolles, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, J.   Henry E. Davies died in the city of New York in 1881, leaving a last will and testament, and leaving him surviving a widow and six children.   The bulk of his estate he left to the plaintiffs as trustees, to pay the income to his wife during her life, and upon her death—

"to divide the said estate real and personal into as many shares as nearly equal as may be as I may have children living at the time of the decease of my said wife, * * * or issue of any deceased child living at such division, and to collect and receive the rents, issues and profits of each of said shares, and to pay over and apply the same to the said child to whom the same may be set apart during his or her life in quarterly payments; and upon the decease of either of said children leaving issue then to transfer and convey the share of such child so dying to such issue.   And I do give and bequeath the same to such issue and to his, her or their heirs forever."

To this point the intent of the testator is entirely clear.   The testator's widow died in 1884, leaving all six children her surviving, and the plaintiffs then divided the estate into six shares as required by the will, holding five shares for each of the six children.   Henry E. Davies, Jr., died in the year 1894, leaving one son.   Lucy D. Swift, a daughter of the testator, died in 1897, leaving her surviving two children.   Francis H. Davies, a son of the testator, died February 27, 1906, without issue; and the question involved on this appeal is as to the share of the estate held in trust for Francis H. Davies, who died without issue.   By the will as quoted above, the testator had provided for the final disposition of the share of each child who died leaving issue.   The disposition of the share of a child dying without issue is as follows:

"In case either of my said children should die leaving no issue then I give and bequeath the shares set apart to any child so dying to my children, then surviving to be divided between them share and share alike."

It is claimed by the issue of the children dying before Francis that they have an interest in the share held for Francis.   It is evident that all through this clause of the will there is expressed a clear distinction between children and grandchildren.   He makes specific provision for the interest in his estate that each child was to have, and provides for the issue of his children upon the death of each child. Thus he directs that the estate shall be divided into as many shares, as nearly equal as may be, as he should have children living at the time of the decease of his wife, or at the testator's own death if he should survive her, or if any child should die before his wife then a share was to be set apart for the issue of any deceased child living at such division.   The share thus set apart for a child that was dead at the time of division went directly to such issue.   The testator is careful to express his intention to give to the issue of a child the share that the parent would have been entitled to, had the parent died, either before or after the division of the estate, leaving issue. He had then to provide for the share set apart to a child dying without issue.   To dispose of that share he provided:

"In case either of my said children should die leaving no issue then I give and bequeath the share set apart to any child so dying to my children then surviving to be divided between them share and share alike."

Undoubtedly, if there was a living child at the death of his wife who had issue, the remainder of the share of that child would vest in his or her issue. In the event of one of his children having no issue living at the death of his wife, the remainder was either contingent, or vested in his brothers and sisters, subject to be divested by birth of issue of the child for whom the share was held or by the death of a brother or sister before the time of division; but in either event it was the children of the testator that were indicated as the persons to whom the share of a child having no issue should pass upon the death of such child. This distinction between his children and the issue of his children is maintained all through the will. Thus it provides that, for the purpose of making an equal division of his estate "among my children or their issue," he directs that there be deducted from the share of any child, without interest, the sums or amounts, respectively, shared or thereafter charged to them in a book entitled "Advances to My Children." He also gives to the wife of his son Henry E. Davies, Jr., for his son's life, the use of a house owned by the testator in Fifty-First street, and upon her decease or remarriage he gives the house to the issue of his son Henry living at the time of her death or remarriage, or in default of such issue he gives the same to his children surviving at the time of the termination of her interest therein, share and share alike. This will was executed on the 8th of February, 1881. The testator had been a distinguished lawyer, and was for many years a justice of the Supreme Court and a judge of the Court of Appeals. In 1867, when the testator was Chief Judge of the Court of Appeals, there was before the court a will which provided that the device of certain property to the testator's children was to be to them, their heirs and assigns, with the provision:

"If either die without issue, then to the survivor or survivors, in equal shares."

The opinion of the Court of Appeals was written by the testator, and in construing that will he held that the interest of any child dying without issue vested in the survivor, saying:

"I cannot find any warrant for saying that the grandchildren of the testator were to come in as survivors and take a portion of the share of one of his own children, who might die without issue. * * * Manifestly the persons here referred to as dying without issue are the children of the testator, and the survivorship indicated is that of his child or children. * * * It is a forced and unnatural construction to hold that the heirs of a deceased child, or the assigns of either of his children, were to take the share of either of his children who should die without issue in equal shares. There can be no reasonable doubt, I think, that the survivorship mentioned is confined to that of the three children named." Guernsey v. Guernsey, 36 N. Y. 267.

It has been long settled that the term "children" does not include grandchildren or more remote descendants, unless there is something in the will to show that the word was used in the broader sense. See Pimel v. Betjeman, 183 N. Y. 200, 76 N. E. 157, 2 L. R. A. (N. S.) 580. Considering all the provisions of this will, it seems to me clear that the testator had in mind his children, and not grandchildren, where he disposed of a share of a child dying without issue; that

the words "then surviving" referred to the time of the decease of a child without issue; and that survivorship was a condition precedent to any child becoming entitled to any interest in the share set apart for a child without issue. In case of either of his children dying leaving no issue, it is then that the testator gives and bequeaths the share set apart to any child so dying to his children "then surviving." The gift takes effect only upon the death of a child without issue, and it is to his children then surviving that the share is devised and bequeathed. Many cases can be cited that hold that, where there is a clear intention that the testator's descendants shall take by one representation, the word "issue" or "children" will be considered to include descendants, so that the descendants would take the share of an ancestor who would be entitled to take if living; but such a construction is only given where it is necessary to carry out the intention of the testator, and where property is devised to a testator's children as a class with the clear idea of survivorship there is nothing to justify the court in including within the class the descendants of a deceased child. I think, therefore, the construction given to this will by the 'learned court below was correct, and that the judgment in that respect should be affirmed.

The judgment, however, contains a direction as to the costs of this action with which we cannot concur. The costs and allowance granted to the plaintiffs aggregate $2,600.74, and they are directed to retain such amount "pro rata out of the respective trusts and individual shares held by and under the control of the plaintiffs as trustees and agents." We think that it was quite unjust to charge as against property belonging to these defendants in the hands of the trustees any part of the costs of this action. The sole question involved was as to the share of Francis. The plaintiffs, as trustees, commenced this action, alleging that the intention of the testator relating to the manner of division and distribution of the trust share of Francis H. Davies upon his death without leaving issue is not entirely clear and free from doubt, and that the plaintiffs as trustees are uncertain as to whether any others of the defendants than the three said surviving children of the testator now own and are entitled to receive or have any interest in said undivided share, and therefore ask that the will be construed and determined in respect to his share; and these grandchildren of the testator were made defendants for the purpose of having that question determined.

We think that the expenses of this litigation should be borne by the share involved, and that the judgment should be modified by providing that the costs and allowance be charged against the share in the hands of the plaintiffs set apart for Francis H. Davies during his life, and, as modified, the judgment is affirmed, with costs to the plaintiffs payable out of such share. All concur.