DENNIS G. BRUSSEL and HERBERT S. BRUSSEL, in Their Respective Individual Capacities and as Appointees of the Supreme Court of the State of New York in the Place and Stead of SALLY ARNHOLZ and ABRAHAM LICHTENSTEIN, Deceased, to Execute the Trust Contained in the Last Will and Testament of ADOLPH BRUSSEL, Deceased, Plaintiffs, v. FLORENCE B. DEITSCH and Others, as Executors, etc., of MARION L. FRIED, Deceased, and GUSTAV A. FRIED, Individually, Defendants.

First Department, January 16, 1920.

**Will construed — trust with income to wife for life, and remainders over — when grandchildren of testator do not share in portion of child dying without issue.**

Under a will leaving the residuary estate in trust, income to the widow for life or until her remarriage, with remainders over to the children of the testator on the death or remarriage of the widow, the share of each child with accumulations to be paid over on his attaining the age of twenty-one years, with a further proviso that in the case of the death of any child leaving lawful issue the share of such child should be paid or applied or accumulated for the benefit of such issue, but if there shall be no such issue said share " shall be paid and applied to and among my remaining children in equal proportions as provided with respect to their shares," the shares of children who died without issue should be divided among the other children of the testator, and the grandchildren of the testator who are the issue of deceased children do not take an interest in said shares of their uncles who died without issue.

By the words " remaining children " as used in the will the testator meant his children surviving the child dying without issue and did not intend to include grandchildren who would only take the interest which their parents had when they died.

The words " as provided with respect to their shares " do not relate to the proportions in which the children take, but were intended to regulate the time and manner of their taking.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Harold Swain* of counsel [*Archer P. Cram* with him on the brief], for the plaintiffs individually and the defendant Deitsch.

*P. S. Dean* of counsel [*Dean, Tracy & Stanfield*, attorneys], for the defendants Fried and Lichtenstein.

LAUGHLIN, J.:

This is the submission of a controversy relating to the construction of the will of Adolph Brussel who died on the 13th of March, 1891. He gave his residuary estate to his executors in trust primarily for the benefit of his widow, with remainders over to his children and their issue, and, although the point is not necessarily presented for decision, it is quite evident that he intended that his children should take vested interests in the remainder upon his death for throughout the will he speaks of the respective shares of his children in the principal of his estate and in the accumulations of interest in the event that there should be such accumulation for them. (See *Cammann* v. *Bailey*, 210 N. Y. 19, 29, 30; *Fulton Trust Company* v. *Phillips*, 218 id. 573; *Goebel* v. *Wolf*, 113 id. 405; *Bowditch* v. *Ayrault*, 138 id. 222.) The will also provided that in the event of the remarriage of his widow, then the income should go to his children until they respectively became of age, at which time, in that event, or in the event of the death of the widow, they were to receive the principal. The executors and trustees named in the will died and the plaintiffs, who are sons of the testator, were appointed by the Supreme Court to execute the remaining trusts.

The testator left a widow and seven children. The widow died on the 2d of May, 1918, without having remarried and all the children having then attained their majority, all trusts under the will terminated. It is conceded that the proper construction of the will is that in the event of any child dying leaving issue, his issue should take the share to which their parent would have been entitled and, in the event that he left no issue, then such shares should go to the surviving brothers and sisters in equal proportions provided there were no grand-children who were the issue of a child of the testator who had survived him and predeceased the child who died without issue. The point in controversy is whether on the death of a child of the testator without issue the children of deceased brothers and sisters would take an interest in his share. The first death among the children of the testator following his demise was that of his son Seymour, who died without issue on the 20th of July, 1896. This concededly enlarged the respective inter-

ests of the surviving brothers and sisters and their shares, which before were one-seventh each, thereupon became one-sixth each. The next of his children to die was his daughter Harriet, who had intermarried with one Lichtenstein and died on the 25th of May, 1903, leaving two children, Marion L. Fried and Adolph B. Lichtenstein. The son is a defendant. The daughter died January 4, 1919, leaving a last will and testament and her executors and husband, who was her sole devisee, are joined as defendants. The testator's son Elbert was the next to die and he left no issue. He was survived by his two brothers, who are the plaintiffs, and by his brother Lawrence M. and his sister Florence B. Deitsch, who is a defendant, and by his nephew and niece, the children of his deceased sister. The question is, did his share go in fifths to his surviving brothers and sister, his nephew and niece taking one-fifth, or did it go in fourths to the brothers and sister to the exclusion of his nephew and niece. Lawrence M. died likewise without leaving issue and the same point arises with respect to his share. It is claimed in behalf of the grandchild of the testator and of the representatives of the deceased grandchild, that they took *per stirpes* in equal shares with their uncles and aunt the share and interest of each of their two uncles who died without issue; and on the contrary, the surviving children of the testator claim that the grandchildren took no interest in the shares of their uncles.

By paragraph 2 of the will the testator gave the income of the residuary estate for life or until she remarried to his wife, subject to reductions by advances to his sons on their attaining their majority and to his daughters on their marrying. In the event that his widow remarried, he directed in the 5th paragraph of the will that the income of the residuary estate should be applied toward the support and education of the children in equal proportions and that the surplus should be accumulated for them and by paragraph 6 he directed that in the event of the death or remarriage of the widow the share of each child with any accumulation be paid over on the child's attaining the age of twenty-one years. Paragraph 7, upon which the point presented for decision hinges, is as follows: " *Seventh.* In case of the death of either of my children leaving lawful issue, the share of such child shall be paid or applied,

or accumulated to or for the benefit of such issue. If there be no such issue, the said share shall be paid and applied to and among my remaining children in equal proportions as provided with respect to their shares."

It is quite clear, I think, that by the words "remaining children," as here used, the testator meant his children surviving the child dying without issue. (See *Lyons* v. *Ostrander*, 167 N. Y. 135; *Davies* v. *Davies*, 129 App. Div. 379; affd., 197 N. Y. 598.)

The learned counsel for the grandchildren concedes that under the general rule of construction, by which the word "children" is held not to include grandchildren unless there be found in the will some evidence of a contrary intention, his clients cannot take, unless the intention of the testator that they should take is found in the last seven words of said paragraph 7 (*Matter of Truslow*, 140 N. Y. 599; *Matter of Pulis*, 220 id. 196; *Matter of Phipard*, 182 App. Div. 357; affd., 223 N. Y. 676; *Davies* v. *Davies, supra*); but he argues that those words indicate that the testator intended that the grandchildren should take. I cannot agree with the reasons advanced for such a construction. As I view it, the clause on which the argument in behalf of the grandchildren is predicated does not relate to the proportions in which the children take, for that had already been specified; but it was, I think, intended rather to regulate the *time and manner* of their taking. Had it not been for these words or words of similar import, it might well have been claimed that the share of the child dying without issue should thereupon be paid over immediately. It was, I think, to make it clear that such was not the intention of the testator that the clause was added and the purpose thereof was to indicate the time and manner of the taking. In other words, he thereby intended to provide that his children should not take such a share immediately but when they should receive their respective original shares, which as to the sons was in part by advancements on their attaining their majority and as to both that they should take their respective shares with accumulations, if any, on their attaining their majority, provided their mother remarried or died. I am of opinion, therefore, that the grandchildren only took the interest that their parent had when she died. In determining the fractional

interest to which each party in interest is entitled, I have found it convenient to divide the shares into five hundred and fourths. According to the views which I have expressed, each of the plaintiffs and the defendant Deitsch, their sister, takes a one-hundred-forty five-hundred-fourths interest and the grandson Lichtenstein and the defendant Fried, the devisee of the granddaughter Marion L. Fried, each takes forty-two five-hundred-fourths, and judgment should be entered in favor of the plaintiffs accordingly, but without costs.

CLARKE, P. J., SMITH, MERRELL and PHILBIN, JJ., concur.

Judgment ordered for plaintiffs, without costs. Settle order on notice.