Moss, S.
The residuary trust created by testator under paragraph “ Second” of his will as modified by the codicil has terminated and the substituted trustee seeks judicial settlement of its account and a construction of the will and codicil to determine the persons entitled to share in the remainder.
Testator died May 1, 1901, leaving a will dated October 20, 1897, and a codicil dated October 20, 1899. By paragraph “ Second ” of the will a trust of the residuary estate was created to continue during the lives of testator’s widow and his nephew, Frank D. Waterman. The income therefrom was to be distributed during the term of the trust to his widow, his *395 three children and his said nephew, equally, or to the survivors of them. Upon the death of his widow and nephew he disposed of the remainder of such trust to his three children and his nephew “ and to the issue of such as shall have died leaving issue then surviving, share and share alike, the same to be divided among them per capita and not per stirpes and to be divided only among such of them as shall be at that time surviving ”. Testator further provided for an alternative disposition of the remainder in the event his three children and nephew should die leaving no descendants surviving his widow and said nephew. All of the foregoing provisions were contained in paragraph “ Second ” of the will.
In his codicil testator quoted, verbatim, the provisions of paragraph “ Second ” of the will and after stating: “ Since the execution of the said will a son, Elisha Huson Waterman has been born to said Frank D. Waterman.”, continued: “ In the portion of my said will above quoted I made the continuance of the life estate of my residuary estate therein created dependent upon the two lives of Frank D. Waterman and Sarah A. Waterman. I now wish to substitute in the place of the said two names the names of Frank D. Waterman and said Elisha Huson Waterman, so that the life estate will be dependent upon and continue during the lives of the said Frank D. Waterman and said Elisha Huson Waterman instead of said Frank D. Waterman and Sarah A. Waterman.”
Testator’s widow died in 1924, and his three children in 1908, 1916 and 1945, none of his children leaving descendants surviving. His nephew Frank D. Waterman died in 1938, leaving two children, Elisha Huson Waterman, the second measuring life of the trust, who died August 15, 1954, leaving surviving a daughter and five grandchildren, and Frank D. Waterman, Jr., who has two children all of whom are still living.
The question to be resolved is as to the date on which the members of the class entitled to share in the remainder of the trust is to be determined. There is no doubt that had testator not executed the codicil the remainder would have been distributed to the persons or classes of persons named living at the time of the death of the survivor of his widow and nephew. However, the codicil directed that the trust be measured by the lives of his nephew and the nephew’s son Elisha, born after the execution of the will. He specifically states that he is substituting the names of his nephew and grandnephew ‘ ‘ so that the said life estate will be dependent upon and continue during (their) lives * * * instead of said Frank D. Waterman and *396 Sarah A. Waterman By his will he fixed the time for the termination of his trust as the death of the last survivor of his widow and nephew and for distribution of the remainder among those named “ then surviving His codicil modified such direction, not only to fix the time during which the trust was to continue but to fix the time for distribution and for the determination of those entitled to share in the remainder. Whatever his intention he substituted in place of his widow as a measuring life the life of his nephew’s son, Elisha, less than a year old at the time of execution of the codicil. To say that he thereby intended to provide in all probability for a longer term of the trust but to allow for some intermediate date as the time for vesting of the remainder would do violence to his intention (Dreyer v. Reisman, 202 N. Y. 476; Wager v. Wager, 96 N. Y. 164; Matter of Ayers, 76 N. Y. S. 2d 897, 901; Matter of De Varona, 274 App. Div. 303, 305).
The court construes testator’s will and codicil as manifesting an intent that the remainder of the trust was' to vest at the termination of the trust and that the members of the class were to be determined as of that time and that only the persons constituting the class then surviving are entitled to share in the remainder. (Matter of Buechner, 226 N. Y. 440; Guernsey v. Guernsey, 36 N. Y. 267; Davies v. Davies, 129 App. Div. 379, affd. 197 N. Y. 598.)
The court determines, therefore, that the remainder of the trust vested as of the date of the death of Elisha Huson Waterman and that distribution thereof is to be made to the descendants of Frank D. Waterman, then surviving, per capita and not per stirpes. Settle decree on notice.