Hancock, Jr., J.
(dissenting). I would modify the order of the Appellate Division and hold that the term "children” in paragraph fifth (c) of the will includes grandchildren and, therefore, that Leonard’s share must be divided equally between his son Daniel’s surviving children, collectively, and his daughter, Jacqueline.
In my view, construing "children” narrowly here and, thereby, disinheriting the lineal descendants of one of the testator’s brothers is unwarranted and represents a distinct— and unfortunate — extension of the "unmistakable intent” rule. In Matter of Villalonga (6 NY2d 477), where we applied that rule and declined to read "children” broadly, we emphasized that: (1) the will there was "a simple one * * * and not *456 afflicted with the weakness of ambiguity” (id., at 481), (2) "[t]here [was] no interchangeable use made of the terms 'children’ and 'issue’ ” (id., at 481), and (3) "[n]or [did] the general distributive scheme disclose a testamentary purpose to benefit children of predeceased immediate offspring together with surviving immediate offspring” (id.). Those very factors— the absence of which led our court to construe "children” narrowly in Villalonga — are present in this case.
The will here is ambiguous. The ambiguity arises, in part, from the interchangeable use of the terms "children” and "issue” in paragraph fifth. Also, the use of "issue” in paragraph fifth (d) manifests a clear intention to benefit a predeceasing brother’s surviving lineal descendants — not just the brother’s immediate offspring as a narrow reading of "children” in paragraph fifth (c) suggests. Moreover, the intent of the testator as indicated by the language and structure of the entire will seems straightforward: to make gifts to his brothers or their respective family lines, treating them equally. Indeed, there is nothing in the testamentary scheme to suggest that the testator wanted to disinherit the family of his brother’s son (Daniel’s family), in favor of that brother’s other child (Jacqueline), on the seemingly unrelated and meaningless contingency of his brother’s son predeceasing his widow.
Significantly, the Villalonga court itself reaffirmed the well-established exception to the rule it applied, viz., that where uncertainty exists, "children” should be given a broad construction to avoid an inequitable result (id., at 482-483). Quoting Matter of Paton (111 NY 480, 486), our court reiterated that, "[o]f course, if the language employed 'is equally susceptible of one or another interpretation, we should, on every principle of right, and within the spirit of the authorities, give it that which is most equitable and consonant with the dictates of justice’ ” (6 NY2d, at 484 [emphasis added]; see also, id., at 486 [Desmond, J., dissenting]; Matter of Blodgett, 286 NY 602, affg 250 App Div 324 and 261 App Div 878; Matter of Brown, 93 NY 295, 295-299; Prowitt v Rodman, 37 NY 42, 54, 58; Guernsey v Guernsey, 36 NY 267, 271; Mowatt v Carow, 7 Paige 328; 4 Kent’s Com 419, n). Accordingly, we should construe "children” in paragraph fifth (c) as "issue” and, thereby, avoid an incoherent interpretation of paragraph fifth (c) and (d) and, at the same time, avoid the patent inequity which otherwise results.
The majority’s attempt to reconcile paragraph fifth (c) and *457 (d) avoids neither problem. Nor does it withstand scrutiny. Paragraph fifth (d) cannot fairly be read — as the majority contends — as providing that, "if neither issue nor children survived one brother, the other brother (or his children or his issue) would take to prevent a lapse.” (Majority opn, at 453 [emphasis added].) Plainly, the language of paragraph fifth (d) does not so provide. It does no more than give the share of the estate in question to the "surviving brother” if the other dies "without issue surviving”. There is no language in paragraph fifth (d) itself that directs or permits "issue” (or "children”) to take. Only paragraph fifth (c) can be read as providing for that, and then, only if "children”, as used by the testator, is construed to mean "issue”.
Indeed, the majority’s contention, that paragraph fifth (d) permits a devise to a brother’s "issue” under certain circumstances, plainly undercuts their position and supports the view taken here. Their contention necessarily recognizes the basic point that "issue” (i.e., children of deceased children) were intended to be beneficiaries in some situations. But because, as noted, such a disposition cannot be effected under paragraph fifth (d), it follows that it can only be made under paragraph fifth (c) — i.e., by construing "children” in paragraph fifth (c) broadly as permitting "issue” to take.
Similarly, other provisions in the will either make little sense or run counter to the testator’s over-all design if "children” is narrowly construed. For example, the distribution under paragraph sixth, providing for the direct gifts to the testator’s two brothers,[1] would have failed if one of them had died with grandchildren or other issue, but with no surviving immediate offspring. And the very same would be true for paragraph eighth — which was explicitly intended to cover any bequest elsewhere in the will that might fail.[2] Under that paragraph, as under paragraphs fifth and sixth, if "children” is read narrowly, there would be no provision for the very real contingency of a brother dying with no surviving sons or daughters, but with grandchildren or other lineal descendants *458 still alive. Thus, paragraph eighth, intended to avoid intestacy, would actually have permitted intestacy if read strictly.
I would resolve the ambiguities, and avoid the otherwise resulting inconsistencies and anomalies in the will, by broadly construing "children” to mean "issue”. Such a construction would, in my view, yield the most reasonable and fair result— i.e., permitting Leonard’s son’s family (Daniel’s family) as well as Leonard’s daughter (Jacqueline) to share in the estate— and, thereby, avoid the certainly unintended inequity of depriving Daniel’s children on the mere happenstance that their father died before their great uncle’s widow. Finally, construing "children” broadly would, thus, give effect to the testator’s paramount intent.
Chief Judge Wachtler and Judges Alexander and Titone concur with Judge Bellacosa; Judge Hancock, Jr., dissents in part and votes to modify in a separate opinion in which Judges Simons and Kaye concur.
Order affirmed, etc.

. Paragraph sixth (e) provides: "If a brother predeceases me, then his share of the Trust provided hereby shall be paid over to his child or children, share and share alike.”

. Paragraph eighth provides: "If any Trust or Legacy hereunder shall be voided; or, if any intestacy develops * * * then such legacy or intestacy shall be * * * paid over to my brothers * * * or to the child or children of a deceased brother, share and share alike.”