Dwight Beebe, Respondent *v*. Herman L. Estabrook et. al., Administrators, etc., Appellants.

Under the provision of the statute of distribution in reference to advancements (2 R. S., 97, § 76), the descendants of a child of an intestate, who died before him, are entitled, on the final distribution of his estate, when it consists exclusively of personal property, to the benefit of advancements made by him in his life-time to his other children, and such advancements are to be taken into consideration in determining the distributive shares.

The word "children," as used in said provision, includes all the descendants of the intestate entitled to share in his estate.

The provisions of said statute and of the statute of descents on the subject of advancements (1 R. S., 752, § 23) are to be taken and construed together, as the two statutes are in *pari materia*.

(Argued December 1, 1879; decided December 16, 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment, entered upon the report of a referee. (Reported below, 14 Hun, 523.)

The nature of the action and the facts are set forth suffi-ciently in the opinion.

*J. McGuire*, for appellants. When a parent gives or advances a child money or property, it is a question of intention whether it is designed as an absolute gift, or given with a view to a portion or settlement in life, and such inten-tion must prevail. (*Proseus* v. *McIntyre*, 5 Barb., 424; *Jackson* v. *Matsdorf*, 11 J. R., 91; *McRoe* v. *McRoe*, 3 Bradf., 199.) There is a presumption that when a parent so gives it is to be deemed an advancement. (*Scarvin* v. *Scar-vin*, 1 Y. & C., 65; 2 Story's Eq. Jur., §§ 1202, 1203.) Such presumption may be met and rebutted by proof. (5 Barb., 424.) The subject of advancements is regulated by the statute of distributions, and depends upon the construc-tion of such statute in connection with the question of the intestate's intention. (*Terry* v. *Dayton*, 31 Barb., 519.) A gift to a grandchild is not an advancement. (*Shiver* v. *Brock*, 2 Jones L. R. [N. C.], 137; 4 Kent's Com. [m. p.], 471.) A note taken by a parent on an advancement of money or sale of property to a child is evidence of a debt. (4 Kent's Com., 418–419.) Whether the sums given were advancements or gifts is solely a question of intention, and declarations are admissible to show such intent. (*King's Case*, 6 Whart., 370; 51 Barb., 612; 4 Abb., 5, 6.)

*Erastus P. Hart*, for respondent. The plaintiff and the infant defendants, as grandchildren of the intestate, are within the doctrine and statutes concerning advancements, and entitled to the benefits thereof. (R. S., pt. 2, chap. 6, tit. 3, §§ 76, 77, 78 [2 R. S., p. 97]; id., chap. 2, tit. 2, §§ 23, 24, 25, 26 [1 R. S., p. 754]; 2 id., p. 96, § 75, sub. 1; 74 Penn. St., 42–46; 1 Ep. Ab., 381, B. pl., 6, 382; B. pl., 8, 9, 10, 11; *Wyth* v. *Blackman*, 1 Ves. Sen., 196; 2 Vern., 106 ; S. C., Ambler, 555; *Royle* v. *Hamilton*, 4 Ves., 437; 8 De G., McN. & G., 480; 4 Kent's Com., 419; 1 id., 472; 15 J. R., 380; 14 Mass., 92; *Walton* v. *Willis*,

1 Dallas, 351; *Herscha* v. *Brennan*, 6 S. & R., 2; *Hughes'*
*Appeal*, 7 P. F. Smith, 179; *Powers' Appeal*, 63 Penn. St.,
443; *Terry* v. *Dayton*, 31 Barb., 519; R. S., pt. 2, chap. 2,
tit. 2, § 23 [1 R. S., p. 754].) The declarations testified to
by the heirs ought not to be considered on this appeal.
(*Genet* v. *Sawyer*, 61 Barb., 211; *Bennett* v. *Austin*, 5 Hun,
537; *Le Clare* v. *Stuart*, 8 id., 127.)

ANDREWS, J. This action is brought for an accounting
and distribution of the estate of Hobart Estabrook, deceased,
who died intestate on the 18th day of May, 1872, leaving
his widow him surviving and five sons and a grandchild, the
daughter of a deceased daughter of the intestate, and a great
granddaughter the daughter of a deceased grandchild whose
mother, also a daughter of the intestate had died in his life-
time, his only descendants. The intestate left no real estate,
but personal property only. Prior to his death he had given
various sums to his children. He gave to each of them on
their marriage the sum of $500, and in 1867 he gave to each
of his sons the sum of $2,000 and in 1872, a few weeks before
his death, an additional sum of $3,000.

It is found by the referee that the several sums given by
the intestate to the sons were advanced to them respectively
as a portion of his estate with a view to their settlement in
life and were chargeable to them in the final settlement of
the estate as a part of their distributive shares, not only as
between themselves, but also as between them and the descend-
ants of their deceased sisters. This presents the principal
question in this case, viz. : whether advancements made by
a father in his life-time to his children are, on the final dis-
tribution of his estate in case of intestacy, when the estate
consists exclusively of personal property, to be taken into
account in determining the distributive shares of grand-
children or other descendants of children of the intestate
who had died before him, or, in other words, are such
descendants entitled to claim the benefit of advancements made
by the intestate to his children in the settlement of his estate.

This question depends upon the construction of the statute in respect to advancements. The right to charge advancements made by an intestate to his children against their distributive shares in his estate depends upon positive law, and the statute regulates the right and prescribes the circumstances and limitations under which the right exists. The seventy-sixth section of the statute of distributions (2 R. S., 97) is as follows : "If any child of such deceased person shall have been advanced by the deceased by settlement or portion of real or personal estate, the value thereof shall be reckoned with that part of the surplus of the personal estate which shall remain to be distributed *among the children,* and if such advancements shall be equal or superior to the amount which, according to the preceding rules, would be distributed to such child as his share of such surplus and advancement, then such child and his descendants shall be excluded from any share in the distribution of such surplus." The seventy-seventh section declares that if such advancement shall not be equal to such amount, such child or his descendants shall be entitled to receive so much as shall be sufficient to make all the shares of all the children in such surplus and advancement to be equal as near as can be estimated. The seventy-eighth section declares that the maintaining or educating, or the giving of money to a child without a view to a portion or settlement in life, shall not be deemed an advancement, and that the two preceding sections shall not apply to any case where there shall be any real estate of the intestate to descend to his heirs.

This case is governed by these provisions of the statute. The argument that a grandchild cannot, in the distribution of the estate of an intestate have the benefit of advancements made by him to his immediate children, is founded upon the language of section seventy-six, that such advancements are to be reckoned with that part of the surplus of the personal estate "which shall remain to be distributed among the children," and it is claimed that the word *children* is to be taken in its popular sense as referring to the immediate offspring

of the intestate, and that it is only as between the immediate children of the intestate that the question of advancements can be considered in making distribution. We are of opinion that this is not the true sense of the statute, and that the word *children* in the section quoted is used to designate all the descendants of the intestate entitled to share in the distribution.

The seventy-sixth section was a revision of the prior statute upon the same subject (1 R. L., 313, § 16), and the prior statute was nearly a literal transcript from the English statute 22 and 23 Car., II. The revisers changed the phraseology of the statute of 1813, but they say in their note that they did not intend to make any alteration in principle. The sixteenth section of the act of 1813 clearly gives to grandchildren the benefit of advancements made by the intestate to his immediate children. It declares that distribution of the personal estate of the intestate (deducting debts, etc.) shall be made amongst the wife and children, or children's children, one-third to the wife of the intestate, " and all the residue by equal portions to and amongst the children of such person dying intestate and such persons as legally represent such children (in case any of said children be then dead) other than such child or children who shall have any estate by settlement or shall be advanced by the intestate in his life-time by portion or portions equal to the share which shall by such distribution be allotted to the other children to whom such distribution shall be made," and if the advancement is not equal to such share, provision is made for making up the deficiency. It will be seen that by this statute both children and the representatives of children were to have the benefit of advancements. In *Smith* v. *Smith* (5 Ves., 721), the question was raised by a son of a younger son of the intestate whether the eldest son was chargeable with a certain sum laid out by the intestate in repairs of houses which descended to the eldest son as heir. The court decided that the money so laid out could not be considered an advancement, but it was not suggested that the grandson could not raise the question.

Construing the seventy-sixth section of our statute in view of the prior law and of the declared intention of the revisers that there was no intention to change it in principle, we should not expect to find a change so material as that which is contended for by the appellants. But there are strong and, we think, conclusive reasons to be drawn from a consideration of the general spirit and design of our statutory system for the distribution of the estates of intestates, and of cognate provisions of the statute, against the construction of the seventy-sixth section which the appellants claim. The general principle pervading the statute of distribution and descents is that there shall be equality between the children of the intestate and the descendants of deceased children *per stirpes*. If the daughters of the intestate had survived him, there could have been no question of their right to an account of advancements made by him to the sons, and the principle of equality of distribution would seem to require that their descendants should stand in their place. The word *children* may be construed in a collective sense as embracing descendants when the sense and reason of a statute or of a deed or other instrument justifies it. (4 Kent, 419; *Provitt* v. *Rodman* 37 N. Y., 42, and cases cited.) It is claimed that it must be construed to have been used in its popular sense in the section in question, for the reason that the seventy-fifth section discriminates between children and the representatives of children, by using the latter phrase when grandchildren or other more remote descendants are intended. There is some force in this view, but we think it does not overthrow the strong presumption derived from a consideration of the general policy of equality of distribution, indicated by the statute. By the same argument it might be proved that grandchildren were not, under the Statute 22 and 23, Car. II, entitled to share at all in the distribution of an intestate's estate where the intestate left no wife surviving, for the seventh section of that statute declares that in case there be no wife " then all the said estate to be distributed equally to and amongst the children," making no

mention of the representatives of a child, although that phrase is used in previous sections of the act.

But there is another consideration which seems to render it clear that the word *children* in the seventy-sixth section was intended to embrace grandchildren and other descendants of the intestate. The twenty-third section in the statute of descents (1 R. S., 752) also contains a provision on the subject of advancements, as follows : " If any child of an intestate shall have been advanced by him by settlement or portion of real or personal estate or of both of them, the value thereof shall be reckoned, for the purposes of this section only, as part of the real and personal estate of such intestate descendible to his heirs and to be distributed to his next of kin according to law ; and if such advancements, be equal or superior to the amount of the share which such child would be entitled to receive of the real and personal estate of the deceased as above reckoned, then such child or descendants. shall be excluded from any share in the real and personal estate of the intestate." This section furnishes the only rule for charging advancements where real estate is left by an intestate. The provisions relating to advancements contained in the statute of distribution, by the express terms, of the seventy-eighth section, are inapplicable in such case. Where an intestate leaves real estate, then, by the twenty-third section advancements, whether in real or personal estate, are to be reckoned as part of the real and personal estate of the intestate " descendible to his heirs and to be distributed. to his next of kin." Plainly under this section all descendants of the intestate entitled to take under either the statute. of descents or of distribution, however remote from the intestate, are to have the benefit of advancements if the case is one to which this section applies, viz. : where the intestate left real estate descendible to his heirs. If therefore the intestate in this case had left real estate to pass by descent, the descendants of his two daughters would have been entitled to the benefit of the advancements to the sons irrespective of the value of such real estate. It cannot reasonably be

supposed that the Legislature intended to prescribe a different rule in the two cases, and to exclude the grandchildren from the benefit of advancements where the estate consisted of personal property exclusively, and give them such benefit when the intestate left real estate, however small its value might be.   The two statutes are *in pari materia* and are to be construed together.   It is to be assumed that the Legislature intended to make a consistent and harmonious system and that the same policy of admitting grandchildren to share in the benefit of advancements existed in enacting both statutes. We think the seventy-sixth section of the statute of distributions is to be construed as if the word *descendants* had been used in place of *children*, and that the clause prescribing that advancements should be reckoned with that part of the surplus of the personal estate " which shall remain to be distributed among the children " was inserted to exclude any inference that the widow was to have any benefit therefrom, and to confine such benefit to the descendants of the intestate.

It is claimed that the evidence did not justify the finding that the sums given by the intestate to his sons in 1867 and 1872 were intended as advancements within the statute. The gift of $500 made by the intestate to each of his children on their marriage was clearly intended as an advancement. The testator entered the amount against each child in a book kept by him as so much given to each as a portion of his estate and took receipts from them expressing that fact. The gift of 1867 was entered against each of the sons in the same book and on the same page on which the entries of the previous gift were made in the handwriting of one of the sons with whom the father was then living.   He was then nearly eighty years of age but the evidence authorizes the inference that he had possession of the book and knew of the entries made by his son therein and adopted them as his own.   The gift of 1872 was a short time only before the intestate's death. It would not be useful to recapitulate the facts bearing upon the question whether these gifts were intended as

absolute gifts and not to be reckoned as advancements. It is sufficient to say that the presumption of law is that they were intended as advancements, (4 Kent, 418; 1 Younge & Collyer, 65; Story's Eq. Jur., §§ 1202, 1203), and this presumption was not rebutted by any evidence which made it the duty of the referee to find that they were not so intended.

The judgment should be affirmed.

All concur.

Judgment affirmed.