Barnard, P. J.
William Alexander, by deeds executed in his life-time, conveyed portions of his real estate to his two children. The amounts were not equal. The parcels conveyed to the defendant largely exceeded in value those which were conveyed to the plaintiff. By the decree both children were charged with the value of the land so received by him from his father.
The plaintiff does not appeal. The defendant by his appeal presents for review that part of the decree which adjudges that the value of the property deeded to him must be accounted for as an advancement. No question is made but that the deeds were duly executed in the life-time of the grantor, and except as to a single piece no question is made but that the deeds were delivered by the deceased grantor while livhig.
As to the lumber yard deed, the direction to deliver the deed was accompanied by an expression equivalent to an intent to keep the property as long as he lived, but as the court has found the delivery absolute, the deed upon this appeal must be supposed to have been unconditionally delivered. An advancement must be made out under our statute by proof that the property was given as a portion of the estate, and to be taken into account on final distribution. Whether the gift be one designed as an advancement is always a question of intention, and is generally presumed when property is received by a son from his father. Beebe v. Easterbrook, 79 N. Y., 246.
Under this state of the law governing the question the proof fails to prove an advancement. The donor was on ill terms with the plaintiff. This is abundantly established, and he was threatening him with disinheritance. The plaintiff’s habits were bad, and the father had a poor opinion of his business capacity. The instruction as to the part of the property first given to the attorney, was to “ put it in a shape where he (defendant) can have the principal part of my property, but put in a shape over and above what he would have if I made a will.” As to the lumber yard piece he gave that in consideration of the defendant being faithful to him “in nursing him (deceased) and taking care of him all through his illness,” and because he was his. *510 only friend. It was not the design of the donor to pass over the property subject to equality after his death, but to create inequality, because he regarded one son with more affection and confidence than he did the other.
The judgment, so far as appealed from, should be reversed, and the decree modified so that the one-half of the $42,500 be paid to the appellant, with the costs of the appeal.