### (*Surrogates' Court, Chautauqua County.*   January 31, 1891.)

1. WILLS—CONSTRUCTION—PARTIAL INTESTACY.

   Testatrix, in her will, stated that she understood that a fund bequeathed to her by her father, and payable at her mother's death, would descend to her son and daughter in equal amounts, and requested her son, in consideration of prior advancements to him in larger amounts than she was then able to give her daughter, to relinquish his share of the fund to the daughter, for her education and maintenance. *Held,* that testatrix died intestate as to this fund, and that her husband was entitled to his distributive share therein.

2. SAME—ADVANCEMENTS—EVIDENCE—PRESUMPTION.

   The request of testatrix that her son should relinquish his share of the fund in consideration of prior advancements gives rise to the presumption that such advancements were actually made; and where the son does not dispute the fact that they were made, the burden of proof is on him to show a change of circumstances sufficient to avoid them.

On judicial settlement of the estate of Sophronia H. Sherman, deceased, and on application to construe her will.

*A. B. Ottoway,* for executrix and Abba M. Sherman. *H. C. Kingsbury,* for Burke L. Sherman and George W. Sherman.

SHERMAN, S. The deceased died May 12, 1883. She made her will, dated April 17, 1883, appointing her sister, Elizabeth M. Wright, executrix. She left a husband, George W. Sherman, and one son, Burke L., of full age, and one daughter, Abba M., a minor, aged 12 years, her only surviving heirs at law and next of kin. She left various other articles of household furniture and personal property which she bequeathed to her husband, her two children, and other relatives. The executrix of her will has received from the estate of her father, Willis Royce, a separate fund of $672.88, to which this proceeding relates, from which there remains, after paying funeral expenses and expenses of administration and debts, $530.11 for distribution to the heirs and next of kin entitled thereto. The counsel for the executrix and Abba M.

Sherman, minor, claims that this balance should all be paid to Abba, and that neither the surviving husband of the deceased nor her brother, Burke, should receive any of it, by reason of an alleged advancement to Burke by the testatrix in her life-time. The counsel for Burke L. Sherman and the surviving husband, George W. Sherman, claims that such husband of the testatrix and her said son, Burke, and daughter, Abba, should each receive on distribution herein one-third of said balance. The will contains this provision: "I having heretofore advanced money to my son, Burke L. Sherman, to a larger amount than I am now able to give to my daughter, Abba, and, there being a sum of money coming to me from my father's estate, now deceased, at the death of my mother, which, as I understand, will go to my two said children in equal amounts, in case I should die before my mother, leaving my two children me surviving, I request my son, Burke L. Sherman, to give his share to his sister, Abba, to be used for her education and maintenance." By the will of Willis Royce, father of the testatrix, his wife was to and did have the use of this fund during her life. She died subsequent to the death of her said daughter, Sophronia. It would seem, and I find, that the testatrix died intestate as to this particular fund. She does not undertake to dispose of it by her will, but gives her understanding, as a matter of law, that upon the death of her mother it would go to her two children in equal amounts, and requests that her son, Burke, in consideration of her prior advancements to him in a larger amount than she was then able to give to her daughter, Abba, should give his share to his sister, Abba, to be used for her education and maintenance. This language does not make a bequest to Abba of one-half of the fund, or of any part of it. The testatrix was evidently mistaken as to the legal rights of her husband in this fund on distribution, as she was also to the legal effect of her advancement to her son, Burke. The important question to be considered is whether the language of the will and facts here given constitute sufficient proof of an advancement to Burke by his mother, the testatrix, to authorize the court to hold that such advancement was actually made. No oral testimony was given upon the hearing herein bearing upon the question of such alleged advancement, or of any change in the equitable or legal rights of the respective heirs since the date of the will. The learned counsel for Burke did not, upon the hearing, allege or claim that such advancement had not been actually made, but claimed that circumstances might have changed after the will was made to excuse Burke from complying with the request of his mother to give his share in this fund to his sister, Abba, for her education and maintenance. Abba was only 12 years old at the time the will was made, and Burke was of full age. If there was such an advancement, as is alleged in the will, and not disputed, Abba is entitled to her allowance of it on distribution, notwithstanding the apparent ignorance of the testatrix as to the distribution of estates under the statutes. I am of the opinion that the burden of proof rests upon Burke L. Sherman to show that no such advancement had been made, or that circumstances had changed, avoiding it. I do not regard the request of the testatrix to her son, Burke, as amounting to a bequest, or as of any importance further than showing the wishes and intent of the testatrix, as Abba would be entitled to the benefit of such advancement, if actually made, without such request. And it appearing that the fact of such advancement to Burke by his mother in her lifetime to a larger amount than she was able to give to her daughter, Abba, is not disputed, and appears to be conceded, I find that it was made. In *Beebe* v. *Estabrook*, 79 N. Y. 246, the court say: "Whether a gift be one designed as an advancement is always a question of intention, and is generally presumed when property is received by a son from his father." *Alexander* v. *Alexander*, 1 N. Y. St. Rep. 508. Such presumption is increased in this case, where the son, receiving the advancement, was of full age, and the only other heir affected by it is his sister, now a minor, and who was only 12 years old at

the date of the will.    The property consists of a single item of money coming from a single source.    The account shows a small increase of interest since its receipt, and it is improbable that any further change since the will was made as affecting the rights of the several persons interested therein.    Story, Eq. Jur. §§ 1202–1204; *Welton* v. *Divine,* 20 Barb. 9; *Sanford* v. *Sanford,* 5 Lans. 491; *Proseus* v. *McIntyre,* 5 Barb. 424: *Partridge* v. *Havens,* 10 Paige, 618; sections 75–77, 2 Rev. St. p. 97.    I direct a decree that Abba M. Sherman is entitled herein on distribution of such fund of $530.11 to two-thirds thereof, and that said George W. Sherman is entitled to the remaining one-third of same.