(62 Misc. Rep. 616.)

BEINERT v. WILLIAM M. TIVOLI & CO.

(Supreme Court, Appellate Term.  April 8, 1909.)

1. SALES (§ 244*)—PURCHASER FROM BUYER—BONA FIDES—BURDEN OF PROOF.
　　In replevin against a person who claims under a fraudulent vendee, the burden is on him to show that he is an innocent purchaser for value.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 700–702; Dec. Dig. § 244.*]

2. EVIDENCE (§ 246*)—ADMISSIONS—ADMISSIBILITY.
　　An admission by an attorney, though not made under circumstances that would make it evidence as against his client, is admissible to show that the attorney had knowledge of the fact admitted.
　　[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 246.*]

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 428*)—NOTICE TO AGENTS—EFFECT.

> A corporation, represented in a purchase of personalty from a fraudulent vendee by a person who has knowledge of the facts, is charged with knowledge thereof, and is not an innocent purchaser.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1748–1761; Dec. Dig. § 428.*]

4. REPLEVIN (§ 100*)—JUDGMENT—FORM.

> A judgment in replevin, which awards a money judgment as damages, the goods being in plaintiff's hands, is irregular, and must be modified to give plaintiff simply the possession of the goods and costs.

> [Ed. Note.—For other cases, see Replevin, Cent. Dig. § 388; Dec. Dig. § 100.*]

5. APPEAL AND ERROR (§ 662*)—RECORD—CONCLUSIVENESS.

> The Supreme Court is bound by the record of the trial judge.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

6. COURTS (§ 189*) — NEW YORK MUNICIPAL COURT — TIME OF RENDITION OF JUDGMENT.

> Under a stipulation that the parties should submit briefs on or before a date named, and that the justice should have two weeks to make his decision after "receipt" of the last brief, a justice had two weeks from the actual receipt of the last brief within which to decide the case, and a decision then rendered was in time, within the Municipal Court act (Laws 1902, p. 1486, c. 580), providing that on issue of fact joined, if a jury trial be not demanded, the court must hear the evidence and render judgment within 14 days after submission of the cause, except where further time is given by consent of the parties.

> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George D. Beinert against William M. Tivoli & Co., impleaded with others. From a judgment for plaintiff, and an order denying a motion to vacate the same, defendant William M. Tivoli & Co. appeals. Judgment modified and affirmed, and order affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Charles L. Apfel, for appellant.

Katz & Sommerich, for respondent.

LEHMAN, J. The plaintiff herein installed certain electric fixtures in a café in New York at the request of one Frederick Robinson under certain representations made to him regarding the solvency of the said Robinson. Upon the trial the plaintiff showed by an abundance of evidence that these representations were made by Robinson and his agents, that the plaintiff relied on them, and that they were false and made with intent to deceive. While, from the nature of the case, the plaintiff's evidence was largely circumstantial, it was clear and convincing. It appeared upon the trial that Robinson sold the café to one Frank Wardman, who, in turn, sold the same to one William M. Tivoli, who, in turn, sold the same by bill of sale to William M. Tivoli & Co. The plaintiff, after rescinding his contract, replevined

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the goods from William M. Tivoli & Co., and this action is now brought to establish his title to the goods.

The defendant's main reliance is upon its defense that it is an innocent purchaser for value. In a suit by the true owner to recover the goods against a person who claims under the fraudulent vendee, the burden is upon the party claiming such title of proving that he is a purchaser in good faith and for value. Stevens v. Brennan, 79 N. Y. 254. This defense the defendant failed to establish. In fact, the plaintiff, upon his direct case, rather established that the defendant was not a purchaser for value. He presented testimony tending to show that the representations of Robinson were made, not only by himself, but by one Acron, a co-conspirator with him; that Tivoli was present at times while Robinson was still in possession; that Acron remained with Tivoli after he purchased the café, either a partner or having an interest in the proceeds; that Tivoli or his attorney knew of the many liens filed against the premises; and that Tivoli's attorney, Apfel, admitted that Wardman, the original purchaser from Robinson, was only a go-between. This admission was made while Apfel was attorney for the Tivolis individually, and not for the company, under circumstances that would not make it evidence as against Tivoli; but it was admissible to show that Apfel had knowledge of this fact at the time he made this admission. Thereafter Apfel and Tivoli formed a corporation, William M. Tivoli & Co., and purchased the goods from Tivoli. The corporation, when organized, had only five stockholders. Tivoli and his wife had one-half of the stock, and Apfel, his brother, and a Mr. Herman had each one-sixth. It must be conceded that Apfel's brother and Mr. Herman had no knowledge of the false representations; but they testify that they had nothing to do with the purchase by the corporation, but left everything to Apfel, the attorney. Since he represented the corporation in this purchase, and had knowledge of the facts, this knowledge is brought home to the corporation, and it is not an innocent purchaser.

All that the defendant showed to establish its defense was that Apfel's brother and Herman were innocent purchasers of the stock of the corporation. The defendant did not put Wardman or either of the Tivolis on the stand, who might have testified to facts showing that they were innocent purchasers; and, from all the circumstances of the case, I feel that the trial justice held correctly that neither the corporation nor any intermediate purchaser was an innocent purchaser.

The only error of the trial justice was on the question of value and in the form of his judgment. The testimony on the direct examination of the plaintiff was to the effect that these chattels were reasonably worth $500; but, when recalled by the defendant, he testified, in answer to a question from his own attorney, that when taken out they were worth only $300, as the price of copper had gone down, and they were somewhat battered. The judgment is also incorrect in form, as it awards a money judgment as damages and the goods are in the plaintiff's hands. The judgment must be modified, and award to the plaintiff simply the possession of the chattels recovered and his costs.

The defendant also appeals from the order denying its motion to

vacate the judgment. This motion was made upon the ground that the judgment was not rendered within the 14 days provided by the Municipal Court act (Laws 1902, p. 1486, c. 580). The record shows that a stipulation was made upon the trial that the parties should submit briefs on or before June 23d, and that the justice should have two weeks to make his decision after the receipt of the last brief. The defendant denies that the stipulation was made in that form, but we are bound by the record of the trial judge. On June 23d the defendant, instead of sending its brief to the courthouse, mailed it to the residence of the justice, who had removed to New Jersey for the summer. It was then forwarded to his summer residence, and he received it on June 26th. It seems to me that, where attorneys use an unusual way of delivering a brief, they are not in any position to object to the validity of a judgment, where the possible invalidity is caused by themselves. The justice was correct in considering that he had 14 days from the actual receipt of the brief within which to decide the case.

The judgment should be modified, as indicated above, and, as so modified, affirmed, with costs, and the order appealed from should be affirmed, without costs. All concur.