(143 App. Div. 237.) .

RANHOFER et al. v. A. C. & H. M. HALL REALTY CO.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. WILLS (§ 634*)—CONSTRUCTION—ESTATES DEVISED.
    Where real estate was devised to testator's wife for life or during widowhood and from and on her death or remarriage to his children and to the descendants of any of them then deceased and to the survivors of the children in case of the death of any of them without descendants, the children took a vested remainder subject to be devested by death before the death or remarriage of the wife.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. EXECUTORS AND ADMINISTRATORS (§ 138*)—SALE BY EXECUTOR—POWER.
    Where testator devised real estate to his wife for life or during widowhood, and after her' death or remarriage to his children and the descendants of any deceased child, and appointed the wife executor and trustee for her benefit for life or until remarriage, and provided that on her death or remarriage a son and daughter should be executors and trustees as successors to the wife with power to sell the residue, the wife during widowhood had no power to sell, but the power of sale could only be exercised by the son and daughter acting as executors and trustees on the wife's death or remarriage.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 560–566, 568, 575; Dec. Dig. § 138.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. VENDOR AND PURCHASER (§ 130*)—TITLE OF VENDOR.
>   Where a will devised real estate to testator's wife for life or during
>   widowhood, and his children took a vested remainder subject to be de-
>   vested by death before the death or remarriage of the wife, the wife and
>   children could not convey a marketable title.
>   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§
>   245, 246; Dec. Dig. § 130.*]

Submission of controversy on agreed statement of facts by Rosie J. Ranhofer and others against the A. C. & H. M. Hall Realty Company. Judgment for defendant.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Frederic R. Coudert, for plaintiffs.
Thomas C. Ennever, for defendant.

SCOTT, J.  Submission of an agreed case.

The plaintiffs, being the widow and all the surviving children of Charles Ranhofer, deceased, contracted to sell and convey to defendant certain real property in the city of New York.  On the day agreed upon for the completion of the sale, the plaintiffs tendered to defendant a deed of the premises duly executed by all of them, and Rosie J. Ranhofer also tendered a deed of the same premises duly executed by her as executrix of the last will and testament of said Charles Ranhofer, deceased.  The defendant refused to accept the deed and complete the purchase, because, as it alleged, the plaintiff could not convey said premises by a clear and marketable title.  The grounds of the objection are found in the will of said Charles Ranhofer, deceased.

By the first clause the testator gives his widow what is in effect an estate for life or widowhood.  The second clause contains the gift over, and reads as follows:

"After the decease of my beloved wife or, in case of her remarriage I do, from and upon the date of her said decease or remarriage bequeath all the rest, residue and remainder of my estate real and personal then undisposed of to my beloved children, and to the descendants of any of them then deceased in the proportion of the share of each child to his or her descendants share and share alike for the sole use and benefit of my said children respectively and their descendants, and to the survivors of my said children in the case of the decease of either of them without descendants."

Although less artificially expressed, this provision does not differ materially from that which was considered in Schwartz v. Rehfuss, 129 App. Div. 630, 114 N. Y. Supp. 92, affirmed 198 N. Y. 585, 92 N. E. 1101.  In that case the will also gave a life estate to the widow, and "at her death" bequeathed all of the testator's property to his four children share and share alike, and further provided:

"And in case any of my children shall have died leaving issue, the share of the child so dying shall descend to and vest in his or her issue, and in case of the death of any child without leaving issue, his or her share shall descend to and vest in his or her surviving brothers and sisters."

It was held that upon the death of the testator his real estate vested in his children subject to being divested by their not surviving the

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

life tenant, and consequently that the widow and children could not convey a title which would cut off the possible claims of grandchildren. This view prevailed in the Court of Appeals, notwithstanding a strong dissent in the Appellate Division. To the same effect is Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334.

The plaintiff insists that the will should be construed in accordance with the rule expressed in Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890, as follows:

"Words or phrases denoting time, such as 'when,' 'then,' and 'from and after,' in a devise of a remainder limited upon a particular estate determinable upon an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of vesting."

In that case, after a devise to the wife for life, the will provided:

"And from and after her decease my will is that all of my said property be disposed of according to the statutes of the state of New York governing the descent of real property and the distribution of personal estate."

It was held that the heirs at law took, upon the death of the testator, a vested estate in remainder; the court observing:

"There is nothing upon the face of the will, aside from the words 'from and after,' which in any way tends to sustain or give color to the construction that the vesting of the remainder was postponed or intended to be postponed beyond the death of testator."

The difficulty in the way of applying this case is that the present will very clearly indicates an intention on the part of the testator that the persons to take at the death or remarriage of the widow were to be determined as conditions are at that time. The devise of the remainder is expressly made to the then surviving children "and to the descendants of any of them then deceased." If there should be any such descendants surviving at the death of the widow, it is clear that they would take directly from the testator, and not by representation from the deceased parent.

It is further urged that under the fourth clause of the will the widow as executrix and trustee took a power of sale. To so hold would be to do violence to the plain import of the language, and would, as we think, be inconsistent with the general scheme of the will. The language relied upon is as follows: After providing for a renunciation by the wife of her dower interest, which it is provided must precede her appointment as executrix, the will proceeds:

"Fourth. After my said beloved wife shall have so duly executed her said instrument for the release of her dower, and the same has been duly recorded, I do, further make, constitute and appoint my said beloved wife, Rose Justine Ranhofer, to be my executrix of this, my last will and testament, and trustee of my said estate, real and personal, for the purpose of said trust, for her own sole use and benefit, during her natural life, or until her remarriage, prior to her said decease; and upon the date of her said decease, or remarriage, I do hereby further appoint my son, Edouard Ranhofer and my daughter, Blanche A. Duperret, to be my executors and trustees under my said last will and testament, as successor to my said beloved wife, with full power to sell and dispose of the rest, residue and remainder of my said estate, real and personal, at private or public sale, for the full and fair value thereof, with full power to make good and sufficient deed, or deeds thereof, to convey the same to the purchaser or purchasers thereof, with a good title thereto, as required by law."

The predominant purpose which seems to pervade the will is that the property shall be kept intact for the benefit of the testator's wife during her life or widowhood, and that upon her death or remarriage it shall be sold and divided. Thus in the second clause it is provided that the children and descendants to whom the estate is given shall have "full power to sell and dispose of my said estate real and personal"—a provision which is quite futile as conferring a power of sale upon those who have already an absolute title, but still indicative of the testator's purpose that the property shall remain unsold during the life tenant's life or widowhood. To carry out this purpose, it was quite consistent to give a power of sale only to the executors and trustees to be substituted upon the widow's death or remarriage. There is no reason therefore to give a forced construction to the fourth clause.

Our conclusion is that the children of Charles Ranhofer each took a vested remainder in his real estate, subject to be divested by death before the decease or remarriage of his widow and life tenant, and therefore cannot convey said real estate by a good and marketable title, and further that the will did not confer upon Rosie J. Ranhofer, as his executrix, a power of sale.

It follows that there must be judgment for the defendant as prayed for in the submission, with costs. All concur.