### WOLLMAN v. CASPER.

(Supreme Court, Appellate Term. June 29, 1911.)

1. APPEAL AND ERROR (§ 113*)—ORDERS APPEALABLE.

An order denying a motion to resettle or vacate an order setting aside a judgment is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–785; Dec. Dig. § 113.*]

2. APPEAL AND ERROR (§ 875*)—QUESTIONS REVIEWABLE.

The questions involved in denying a motion to resettle or vacate an order setting aside a judgment are reviewable on appeal from the order vacating the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3541–3548; Dec. Dig. § 875.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—TIME TO RENDER DECISIONS—STIPULATIONS.

A stipulation of the parties in the Municipal Court that briefs are to be submitted within one week, and that the time for the court to decide a motion shall run from the receipt by the court of the last memorandum, requires the submission of briefs within one week; but, where the last brief is submitted before the termination of the week, the time to decide the motion runs from the time of the actual submission of the last brief, in the absence of any further stipulation in the minutes or entered into by counsel in writing, as required by Municipal Court rule 11.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Isaac Wollman against Arthur Casper. From an order setting aside a judgment for plaintiff, and from an order refusing to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resettle or vacate the order, plaintiff appeals. Order vacating judgment reversed, and judgment reinstated, and appeal from order denying motion to resettle and vacate the order dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles Liebling, for appellant.

Saul S. Myers (B. W. B. Myers, of counsel), for respondent.

BIJUR, J. [1, 2] The order denying plaintiff's motion to resettle or vacate the order vacating the judgment is not appealable; but all the considerations involved in that motion are before the court on the appeal from the order vacating the judgment. The record on this appeal is largely occupied with an unfortunate controversy, between plaintiff's counsel on the one hand and the justice and defendant's counsel on the other, in respect of what transpired during oral conversations over the telephone and similar transactions. In the view, however, which I take of the question before us, the appeal presents a mere question of law, which may be decided on facts which are not in dispute.

[3] At the close of the case, on December 15, 1910, the learned Presiding Judge directed a verdict in favor of plaintiff, and thereupon the usual motions were made by defendant's counsel under section 254 of the Municipal Court act (Laws 1902, c. 580). The following stipulation was then entered into and is recorded in the minutes:

"It is stipulated that briefs are to be submitted within one week from to-day, and that the time of the court to decide the motion shall run from the receipt by the court of the last memorandum."

It seems to me that the meaning of this stipulation, by ordinary rules of construction, is very clear. It meant that briefs were to be submitted within one week, namely, on or before December 22, 1910, and that, if the last brief to be received should be submitted before the close of the week, the time of the court to decide the motion, namely, 14 days thereafter, should run from the time of the actual submission of such last brief. Under no circumstances, therefore, could the time of the court to decide the motion have extended beyond January 5, 1911, 14 days after December 22, 1910, unless a further stipulation to that effect should either have appeared in the minutes or have been entered into by counsel in writing, as imperatively required by rule 11 of the rules of the Municipal Court. It is conceded on all hands that no such notation was made in the minutes, and no such written stipulation entered into. The defendant's motion to vacate the judgment was actually decided January 24, 1911.

The learned judge below appears to have interpreted the stipulation above quoted as allowing him, for decision of the motion, 14 days after the last brief was submitted, regardless of whether it was submitted within the week or not. This view, I think, disregards the first clause of the stipulation, and gives it no effect. Yet it is a familiar rule of interpretation that every clause of an instrument must, if possible, be given due weight; and as, in the interpretation

which I have adopted, such weight is given without doing violence to any other clause, and without any other inconsistency appearing, I am of the opinion that the learned court erred in its construction of the stipulation. It becomes unnecessary, therefore, to consider to what date the time of defendant to submit his brief had been extended by the court, either with or without the oral consent of plaintiff's counsel, or what the purport of the conversations between the court and plaintiff's counsel subsequently thereto may have been; it being undisputed that no conversation with plaintiff's counsel occurred until January 6th, one day after the court's time had expired.

Respondent refers us to the case of Beinert v. Tivoli, 62 Misc. Rep. 616, 166 N. Y. Supp. 4. But in that case, which is otherwise similar to the one at bar, counsel, who raised the point that the court's time had expired, had adopted a mode of submitting his brief to the court which, under the circumstances, made it impossible for the court actually to receive the papers until three days after the time fixed for submission. It will be noted that in that case the briefs were actually submitted within the time limit, and it is but fair to assume that rule 11 was not adapted to meet a contingency arising from such conduct of counsel, as that, though the brief was submitted in time, the court was physically prevented from receiving it until some days later. In the case at bar, the situation is entirely different. Recourse for the alleged extension of the court's time is had to oral stipulations, the avoidance of which is the purpose directly aimed at by the rule.

In the view which we have taken, it becomes unnecessary to consider the merits of the action involving the question whether defendant was chargeable with conversion upon a state of facts which was practically conceded.

Order vacating the judgment reversed, and judgment reinstated, with costs to appellant. Appeal from order denying plaintiff's motion to resettle and vacate said order dismissed. All concur.