First Department, November, 1917.          [Vol. 180.

UNITED STATES TRUST COMPANY OF NEW YORK, as Substituted Trustee under the Will of JOHN R. PETERS, Deceased, Respondent, v. DE WITT CLINTON PETERS and CATHARINE PETERS LAWRENCE, Appellants, Impleaded with ALEXANDER M. KNOWLSON, as Executor, etc., of MARY R. KNOWLSON, Deceased, and Others, Respondents.

First Department, November 23, 1917.

Will — trust — survivorship clause of will construed — gift to children surviving termination of trust — vesting of remainder in fee — gift to children as a class.

A testator leaving him surviving a widow and eight children, left his property, both real and personal, to his executors in trust, which trust was to be executed during the continuance of the natural lives of his youngest daughter and youngest son or the survivor of them. At the decease of the said son and daughter or the survivor of them, he directed "that the trust hereby created and every part thereof shall wholly cease, and that all which remains of my said estate  *  *  *  shall vest with absolute power of alienation in and descend to and be distributed among my above mentioned children being the devisees and legatees above named, and their children and grandchildren, heirs, executors, administrators and assigns in the same proportion or shares as above specified, and to which they are respectively entitled to the income or proceeds or avails above mentioned." He further provided that " in the case of the death of either a son or daughter of mine leaving a child or children, such child or children shall be entitled to the share or shares of his, her or their parent under this will, whether such share be of realty or principal, or income, proceeds or avails, such children to divide equally their parent's portion." The testator was survived by all of his eight children and the trust terminated upon the death of his youngest daughter. Prior to this time all of his other children had died leaving issue them surviving.

*Held*, that so far as the principal of the estate is concerned, it was the testator's intention to give it to such of his children as should survive the termination of the trust, the then surviving children of such children to take by representation in the event of the death of their parent before the time for distribution.

Where a devise of the fee of property is made to take effect in the future, upon the termination of intervening life estates, with a substitutional gift to others in the event of death, the death referred to will be held to be death at any time prior to the termination of the life estates.

Applying this rule to the will in question, the sons and daughters of the testator, as they died prior to the termination of the trust, did not become seized of a remainder in fee.

The substitutional gift in the event of the death of the sons or daughters of the testator prior to the time of vesting, was to his or their " children ", as a class, and hence in order to take the fee it was necessary for such child of a son or daughter of the testator to be and remain a member of that class at the time of the termination of the trust.

Hence, any of the testator's children or grandchildren who died prior to the termination of the trust had no estate in the fee of his property which could be devised, and their devisees took nothing by virtue of their respective wills.

The judgment construing the will should be modified so as to provide that the income of the proceeds of the sale of the real property as it accrued was payable to the issue of the testator's descendants who remained in the class during the trust term, and the principal thereof upon termination of the trust term be divided among such of his descendants as were then surviving, in the same proportions as they would have shared in the income then accruing.

APPEAL by the defendants, De Witt Clinton Peters and another, from parts of an interlocutory judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 23d day of December, 1916, as amended by an order entered in said clerk's office on the 30th day of December, 1916, and also from said order amending the said judgment.

The judgment was entered upon the decision of the court after a trial at the New York Special Term. The appellants appeal from said judgment in so far as it construed the will of John R. Peters in regard to the distribution of the trust estate.

*John De Witt Warner,* for the appellants.

*Charles W. McKelvey,* for the plaintiff, respondent.

*William Carl,* for the respondent Alexander M. Knowlson, as executor, etc.

*Achilles H. Kohn,* for the respondent de Chefdebien.

PAGE, J.:

John R. Peters died in 1858, leaving him surviving a widow and eight children. He had a considerable estate in realty and personalty. The principal real estate holding was the premises Nos. 10 and 12 Broad street and 6, 8 and 10

First Department, November, 1917.     [Vol. 180.

New street, occupied by the United States Appraisers Stores and designated in the will as the "Appraisers Stores," upon which there was a mortgage lien of over $100,000. The will so far as material to this appeal bequeaths the testator's books, pictures and household furniture to members of his family. Then all the rest, residue and remainder of his property was devised and bequeathed to his executors "In trust for the uses and purposes hereinafter prescribed and for the time hereafter limited only. That is to say the whole of said trust is to be executed during the continuance of the natural lives of my youngest daughter, Helen Frances Peters and of my youngest son De Witt Clinton Peters or of the survivor of them. * * * I direct also as part of said trust that all the avails of my real and personal estate other than said Stores and the income of the said other real and personal estate, together with one-half the annual net proceeds or income of said Stores after payment of all necessary charges thereon shall be annually paid over or invested as a sinking fund for the purposes of paying the principal of said bond and mortgage or incumbrance until the same shall be paid off or cancelled, or until the principal thereof shall not exceed eighty thousand dollars, and if at the time of paying off said incumbrances or of reducing the same to eighty thousand dollars as aforesaid, there should be a remainder of the last mentioned avails of my estate other than the Appraisers Stores aforesaid, such last mentioned remainder shall be divided to and among my sons and daughters each and every of them according to statute as if I had died intestate and seized thereof as realty. I direct that the other one-half of the annual net proceeds or income of the Appraisers Stores aforesaid shall be annually apportioned and applied as follows, viz.:" After making a provision for his wife to be taken in lieu of dower and the payment of several annuities, the will continues: "Lastly that the residue or remainder of said last mentioned one-half of the net proceeds or income of Appraisers Stores be divided into eight equal shares or parts and be applied as hereinafter directed to the use of the persons hereinafter for that purpose named respectively and for the separate use each annually." He then provided for the payment of one of said eight shares to each of his sons and daughters, naming them, and further

provided that whenever the incumbrances on the Appraisers Stores shall have been reduced to $80,000 and after the legacies and annuities shall have been paid and such further payment made of the principal of said incumbrances as shall be deemed expedient to be made therefrom by the executors, " then the net annual proceeds or net income thereof may thereafter be wholly divided into eight equal shares or parts and paid over annually in like proportion to each of my children, sons and daughters respectively and in the same manner as is prescribed above in regard to the last mentioned one-half thereof. *In case of the death of either a son or daughter of mine leaving no child or grandchild, the share of such deceased son or daughter as above mentioned shall enure to the benefit of and be distributed between the survivors entitled to said shares respectively in equal proportions and in the case of the death of either a son or daughter of mine leaving a child or children such child or children shall be entitled to the share or shares of his, her or their parent under this will whether such share be of realty or principal or income proceeds or avails such* children to divide equally their parents portion according to statute as if they had heirs instead of devisees or legatees. \* \* \*.*

" In case a sale of my said Appraisers Stores should be made as authorized in this my will I do hereby direct my executors \* \* \* to keep the avails or proceeds thereof safely invested and to apply so much of the interest, income and profits thereof as shall be necessary therefor to the payment of the annuities or legacies hereinbefore directed to be paid *and to divide the remainder of said interest, income and profits thereof annually among my children or their children for their separate use respectively in the same proportions or shares or in the same manner as directed in regard to the division of the rents, income and profits of said Stores.* Whenever the said Stores shall be sold and *my estate finally settled up the proceeds thereof shall be divided and paid over in like manner and in like proportion as is directed above in regard to the income thereof, viz: one share to be paid to each of my children aforesaid in person.* \* \* \* I hereby declare it to be allowed sufficient and reasonable time after the death of my two children Helen Frances Peters and De Witt Clinton Peters and the survivors of them to settle up my estate and to carry

First Department, November, 1917.     [Vol. 180.

out the intentions of this my will. *At the decease of the said Helen Frances Peters and De Witt Clinton Peters or the survivor of them I direct that the trust hereby created and every part thereof shall wholly cease and that all which remains of my said estate, \* \* \* shall vest with absolute power of alienation in and descend to and be distributed among my above mentioned children being the devisees and legatees above named and their children and grand-children heirs*, executors, administrators and assigns in the same proportion or shares as above specified and to which they are respectively entitled to the income or proceeds or avails above mentioned."

The testator was survived by all of his eight children mentioned in the will. The trust terminated in accordance with the provisions of the will upon the death of the testator's youngest daughter, Helen Frances Peters, on May 31, 1914. Prior to this time all of the testator's other children had died leaving issue them surviving.

De Witt Clinton Peters, one of testator's sons, died in 1876 leaving two children, William T. Peters and De Witt Clinton Peters II, and leaving a will devising his property to his said two children equally. The said William T. Peters, grandson of the testator, died in 1905, leaving a will whereby he devised and bequeathed all of his property to the respondent, Marie Louise de Chefdebien. De Witt C. Peters II is still living.

George C. Peters, another son of the testator, died in 1879, leaving two daughters, Catharine Peters Lawrence and Mary R. Knowlson, who died without issue in 1903, leaving all of her property by will to her husband, Alexander M. Knowlson.

The property designated as the " Appraisers Stores " was sold during the continuance of the trust estate and its proceeds held subject to the same trusts.

The ultimate questions involved in this appeal from a judgment construing the will and directing the distribution of the trust estate are whether the respondent de Chefdebien, as devisee of William T. Peters, and Alexander M. Knowlson, as devisee of Mary R. Knowlson, are entitled to share in the distribution of the income and principal of the estate.

The determination of these questions depends first upon whether the " survivorship " clause of the will relates to

survivorship of the testator or survivorship of the date of termination of the trust. The will contains a blanket provision for survivorship as follows:

" In the case of the death of either a son or daughter of mine leaving a child or children such child or children shall be entitled to the share or shares of his, her or their parent *under this will* whether such share be of realty or principal or income proceeds or avails, such children to divide equally their parents portion."

Provision is then made that the trustees shall, in the event of sale of the " Appraisers Stores," hold the proceeds subject to the same trusts until the termination of the trusts by the death of the survivor of testator's two youngest children. It is then provided:

" At the decease of the said Helen Frances Peters and De Witt Clinton Peters or the survivor of them, I direct that the trust hereby created and every part thereof shall wholly cease and that all which remains of my said Estate * * * *shall vest with absolute power of alienation* in and descend to and be distributed among my above mentioned children being the devisees and legatees above named and their children and grand-children * * * in the same proportion or shares as above specified and to which they are respectively entitled to the income or proceeds or avails above mentioned."

So far as the principal of the estate is concerned I am of the opinion that the testator's intention as disclosed by the will was to give his estate to such of his children as should survive the termination of the trust, the then surviving children of such children to take by representation in the event of the death of their parent before the time for distribution. It will be noted that the will contains no present gift of the principal. The provisions all relate to income until the portion is reached relating to final distribution, *after termination of the trust*, when it is provided that the testator's estate " shall vest with absolute power of alienation in and descend to and be distributed among my above mentioned children * * * and their children and grandchildren," etc.

It is well settled that where a devise of the fee of property is made to take effect in the future, upon the termination of intervening life estates, with a substitutional gift to others

in the event of death, the death referred to will be held to be death at any time prior to the termination of the life estates. (*Fowler* v. *Ingersoll,* 127 N. Y. 472; *Lyons* v. *Ostrander,* 167 id. 135; *Matter of Farmers' Loan & Trust Co.,* 189 id. 202; *Ranhofer* v. *Hall Realty Co.,* 143 App. Div. 237.)

Applying this rule to the present will, the sons and daughters of the testator had during their lives under the New York rule as to vesting a vested remainder in the fee subject to be divested by death prior to the termination of the trust, and as they all died prior to that time no one of the testator's children ever became seized of the remainder in fee. Similarly, the substitutional gift in the event of the death of the sons or daughters of the testator prior to the time of vesting was to his or their " children " as a class, and hence in order to take the fee it was necessary for such child of a son or daughter of the testator to be and remain a member of that class at the time of the termination of the trust.

It follows, therefore, that any of the testator's children or grandchildren who died prior to the termination of the trust had no estate in the fee of his property which could be devised and their devisees took nothing by virtue of their respective wills. I am especially forced to this conclusion by the language used by the testator in disposing of the fee after the termination of the trust in which he states that it " shall vest with absolute power of alienation in and descend to and be distributed among my above-mentioned children." If there had been any intention on the part of the testator to vest the fee of his estate absolutely at any time prior to the termination of the trust, the use of this language would have been meaningless, for, if the fee had vested upon the death of the testator, the absolute power of alienation of the remainder would have then existed in each of the testator's children immediately upon his death.

As to the income which accrued subsequent to the death of any one of the testator's grandchildren, the same result would follow. After the death of his parent and as long as he lived and remained a member of the class, each grandchild of the testator would take his share of the income left in trust for his parent. But upon the death of a member of the class the surviving members would take the whole of the income.

There is no gift of the income to any individual grandchild of the testator by name, and in order to share in the meantime, it was necessary for such grandchild to live and remain a member of the class entitled to the eventual estate upon the termination of the trust. In my opinion this construction of the will is in harmony with the testamentary plan for the disposition of the estate, both income and principal, as disclosed by the quotation from the will at the commencement of this opinion.

It follows, therefore, that the judgment appealed from must be modified so as to provide that the income of the proceeds of the sale of the " Appraisers Stores " as it accrued was payable to the issue of the testator's descendants who remained in the class during the trust term, and the principal thereof upon termination of the trust term be divided among such of his descendants as were then surviving in the same proportions as they would have shared in the income then accruing.

As modified, the judgment should be affirmed, with costs to the appellant.

SCOTT, LAUGHLIN and SMITH, JJ., concurred.

Judgment modified as directed in opinion and as so modified affirmed, with costs to the appellant. Order to be settled on notice.