Francis V. V. Leary, S.
The successor testamentary trustee under the will of Charles H. Van Orden, deceased, in connection with its application for the judicial settlement of its account, has applied to this court for a construction of the second and third paragraphs of the will of decedent.
The material facts respecting the construction question, as they appear from the record, are as follows:
Testator executed his will February 5, 1920 and died on the 31st day of July, 1926. The will was probated in this court September 24, 1926. At the time of the death of the testator, he was survived by his widow, Edith Potts Van Orden, and three children, viz., Frank W. Van Orden, Rose Van Orden Kuhkel and Chester M. Van Orden. Chester M. Van Orden and Rose Van Orden Kunkel are living. Frank W. Van Orden died April 30,1933, leaving him surviving four children, viz., Seymour L. Van Orden, Clarence E. Van Orden, Charles T. Van Orden and Margaret V. Towell. Of these four children, only Seymour L. Van Orden is living. Clarence E. Van Orden died February 28, 1940, leaving a last will and testament, which was duly admitted to probate in Union County, New Jersey, and letters testamentary were issued to Edna E. Van Orden (now known as Edna E. Burns) as executrix. Charles T. Van Orden died intestate January 31, 1950, leaving him surviving his widow, Dorothy B. Van Orden, and a daughter, Margaret B. Maloney. Margaret V. Towell died March 4, 1958, leaving a last will and testament, which was duly admitted to probate in the Surrogate’s Court in Cortland County, New York, and letters testamentary were issued to Arthur E. Towell as executor. Edith Potts Van Orden died February 4, 1957.
With this background of facts, the paragraphs of the instant will, pertinent in this proceeding for construction, must next be examined.
“Second: — I give, devise and bequeath unto my executors hereinafter appointed, in trust nevertheless, the sum of Ten Thousand Dollars, ($10,000.00), to be by them invested and re-invested and the net interest, income and profits derived therefrom, I hereby direct my said executors to pay over to my *582 said wife, Edith Potts Van Orden, for and during the term of her natural life, or so long as she shall remain unmarried. The said net rents, issues, income and profits to be paid to my said wife semi-annually from the date of my death and in the event of the death or re-marriage of my said wife, I do hereby direct that this trust shall cease and terminate and the said sum of Ten Thousand Dollars, ($10,000.00), or so much thereof as shall remain undisposed of in the hands of my said executors on the death or re-marriage of my said wife, shall thereupon revert to and become a part of my residuary estate. And if, in the judgment 'and discretion of my said executors hereinafter appointed, the said net interest, income and profits shall be insufficient for the comfortable care, support and maintenance of my said wife in sickness and in health, I hereby authorize and empower my said executors to use so much of the corpus or principal of the said sum of Ten Thousand Dollars ($10,000.00), for that purpose, as to them shall seem necessary and sufficient, and for the purpose of carrying out the provisions of this Clause of my last will and testament, I do hereby authorize and empower my said executors, to sell, mortgage, grant and convey such of my real estate as they deem necessary.
“Third: — I give, devise and bequeath unto my children, FRANK W. VAN ORDEN, ROSE VAN ORDEN KUNKEL and CHESTER M. van orden, according to the percentages hereinafter stated, all the rest, residue and remainder of my property, both real and personal, of whatsoever kind, name, nature or description, and wheresoever situate, to be distributed between them as follows, viz: — to Frank W. Van Orden, a sum equal to forty (40%) per cent thereof; to Bose Van Orden Kunkel, a sum equal to thirty (30%) per cent thereof; and to Chester M. Van Orden, a sum equal to thirty (30%) per cent thereof. In the event of the death of any of my said children, prior to my death, or prior to the time when the final distribution of the residuary estate, under the provisions of 'this Clause of my last will and testament shall be made, the share and interest of such deceased child shall pass to his or her surviving child or children, if any there be, but if such deceased child shall leave no child or children him or her surviving, then and in that event I direct that his or her share shall pass to such of my children as shall „be living at the time of the final distribution of my residuary estate. ’ ’
Under the function of interpretation of the said paragraphs of this will, two propositions are presented for solution:
First. Is the remainder vested or contingent?
*583 Second. Does the term “ children”, as used, include grandchildren of a deceased child of the testator?
These propositions will he 'answered in the order given.
In Matter of Bump (234 N. Y. 60) the Court of Appeals says (p. 63): “ In the construction of a will we seek the intent of the testator as exhibited by the words he has selected. Canons of construction may aid us. Based as they are upon general considerations; upon guesses as to what the average man would intend by this expression or by that, we rest upon them in the absence of more certain indications. Slight variations of phrase, however, or differences in arrangement may lead us to opposite results.”
In the beginning of the third paragraph of the instant will, it will be noted that there 'are words of present gift to Frank W. Van Orden, Bose Van Orden Kunkel and Chester M. Van Orden, but, later in this paragraph of said will, these words of present gift are qualified by a provision for a substituted gift in favor of the children of any deceased child effective at the time of the final distribution of said trust corpus.
Where in the will there are no words of present gift and the gift is to be found only in a direction to divide, pay over or distribute at a future time, so that futurity is annexed to the ■substance of the gift, it is contingent, and in such a case it is perfectly well settled that the gift will not vest in the remainder-men until the time for payment arrives. This is the so-called “ divide and pay over ” rule, and is a canon of construction applied in an effort to answer the primary question, namely, the testator’s intention. (Smith v. Edwards, 88 N. Y. 92; Delaney v. McCormack, 88 N. Y. 174, 183; Delafield v. Shipman, 103 N. Y. 463; Matter of Baer, 147 N. Y. 348, 354; Clark v. Cammann, 160 N. Y. 315; Matter of Crane, 164 N. Y. 71; Wright v. Wright, 225 N. Y. 329; Matter of Buechner, 226 N. Y. 440; Matter of Bostwick, 236 N. Y. 242 and United States Trust Co. v. Peters, 180 App. Div. 186, affd. 224 N. Y. 626.)
I hold and determine that the gift over of the remainder under the third paragraph of the instant will is merely to be found in a direction to pay and distribute the same upon the death of Edith Potts Van Orden, and being to a class (Matter of Kimberly, 150 N. Y. 90; Matter of King, 200 N. Y. 189; 1 Jarman, Wills [5th Amer. ed.], p. 269; Schouler, Wills, Executors & Administrators [5th ed.], §§ 529, 530), must be confined to the members of the class living at the date when the distribution and payment is directed to be made. (Teed v. Morton, 60 N. Y. 502, 506; Goebel v. Wolf, 113 N. Y. 405, 411; *584 Matter of Smith, 131 N. Y. 239, 247; Haynes v. Sherman, 117 N. Y. 433 and Matter of Baer, supra.)
There remains for consideration the adjudication as to whether or not the term ‘ ‘ children ’ ’, as used by the testator in the third paragraph of the will at bar, was intended to include grandchildren of a deceased child of the testator.
In Matter of Schaufele (252 N. Y. 65, 67), the Court of Appeals states the principle in this regard in the following language: ‘ ‘ grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. The term can be so interpreted only- when reason demands it. (4 Kent’s Commentaries, 419; Beebe v. Estabrook, 79 N. Y. 246, 250; Prowitt v. Rodman, 37 N. Y. [42], 58.) Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation. (Matter of Truslow, 140 N. Y. 599, 603; Matter of Keogh, 126 App. Div. 285, 287, 937; 193 N. Y. 603; Pimel v. Betjemann, 183 N. Y. 194, 200.)” (See, also, Palmer v. Horn, 84 N. Y. 516; Davies v. Davies, 129 App. Div. 379, 382, affd. 197 N. Y. 598; Matter of King, 217 N. Y. 358, 361; Matter of Pulis, 220 N. Y. 196; Matter of Phipard, 182 App. Div. 357, affd. 223 N. Y. 676.)
In the will at bar there is no indication in the context of the requisite 1 ‘ unmistakable intent ’ ’ to the contrary, or nothing from the extrinsic circumstances to show that the word “ children ” was used in an enlarged sense. (Palmer v. Horn, supra; Beebe v. Estabrook, 79 N. Y. 246; Prowitt v. Rodman, 37 N. Y. 42; Mowatt v. Carow, 7 Paige Ch. 328.)
As a result of these and many other authoritative adjudications, I further hold and determine that the term “ children ”, as used by the testator in the third paragraph of the instant will, is to be confined to the members of the class who come within the appropriate category at the date when the distribution and payment is directed to be made, and does not include1 grandchildren or other descendants.
I further hold and determine that the share which would have been distributed to said Frank W. Van Orden, had he been living at the time of the distribution of the trust corpus, shall be divided equally between Seymour L. Van Orden and Arthur E. Towell, as executor of the estate of Margaret V. Towell, deceased.
Enter decree on five days’ notice, construing the will accordingly.